

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-7-2003

# Graw v. Fantasky

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3812

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Graw v. Fantasky" (2003). *2003 Decisions.* Paper 386.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/386

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 02-3812

———————

CHRISTINE GRAW, et al.,
                                        Appellants

v.

PAUL FANTASKY, et al.,
                                        Appellees

———————

APPEAL FROM THE DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA
D.C. Civ. No. 01-1935
District Judge:  The Honorable John E. Jones, III

———————

Argued:  June 2, 2003

———————

Before: BARRY, FUENTES, <u>Circuit Judges</u>, and MCLAUGHLIN,[*] <u>District Judge</u>.

(Opinion Filed: July 7, 2003)

———————

Donald A. Bailey, Esq. (Argued)
4311 North 6th Street
Harrisburg, PA  17100

<u>Attorney for Appellants</u>

———————

[*]Honorable Mary A. McLaughlin, United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.

James D. Young, Esq. (Argued)
Frank J. Lavery, Jr.
Lavery, Faherty, Young & Patterson
225 Market Street
Suite 304
Harrisburg, PA  17101

Attorneys for Appellees Paul Fantaskey, Robert Kelly, and Borough of Renovo


David L. Schwalm, Esq. (Argued)
Thomas, Thomas & Hafer
305 North Front Street
P.O. Box 999
Harrisburg, PA   17108

Attorney for Appellee John Keeler


Patrick S. Cawley, Esq. (Argued)
D. Michael Fisher
Patrick S. Cawley
Calvin R. Koons
John G. Knorr, III
Office of Attorney General of Pennsylvania
Strawberry Square
Harrisburg, PA   17120

Attorneys for Appellee Shawn Fischer

---

OPINION OF THE COURT

---

MCLAUGHLIN, <u>District Judge</u>

Appellants Christine Graw, Charles Graw, James Graw, Alice Shank, and Samuel Eisenhower appeal the dismissal of their complaint. The plaintiffs alleged that defendants Paul Fantaskey, Robert Kelly, John Keeler, Shawn Fischer, and the Borough of Renovo violated their civil rights and state tort law.[1] Because we conclude that the District Court erred in dismissing the entire complaint, we will reverse in part, affirm in part, and remand for further proceedings consistent with this opinion.

## I.

The facts from the complaint that the Court must accept as true for purposes of this appeal are as follows. The plaintiffs are Christine Graw, Charles Graw, James Graw, Alice Shank, and Samuel Eisenhower. These individuals are members of "Concerned Citizens." This group is concerned with public affairs.

The defendants are the Borough of Renovo, Paul Fantaskey, Robert Kelly, John Keeler, and Shawn Fischer. The Borough of Renovo is in Clinton County, Pennsylvania. Fantaskey is the police chief of Renovo and a Borough councilman. Kelly is a police

---

[1] Many of the defendants' names are spelled differently in different places in the pleadings. For example, in the caption of the plaintiffs' complaint, there are defendants identified as "Paul Fantasky," "Detective Keeler," and "Sean Fisher." Based on the defendants' filings in this case, the proper spelling of these defendants' names is "Paul Fantaskey," "John Keeler," and "Shawn Fischer."

3

officer in Renovo.  Keeler is a county detective for Clinton County.  Fischer is a state police officer.  Concerned Citizens has been openly critical of the defendants.

On October 11, 1999, Alice Shank attended a Borough of Renovo council meeting and videotaped the proceedings.  During a break in the meeting, Fantaskey grabbed her videocamera from underneath her arm.  The videocamera was thrust upward into Shank's face, damaging the eyeglasses she was wearing.  The replacement cost of the glasses was $50.

After the incident at the council meeting, Shank complained to Shawn Fischer.  In the past, Fischer lied for Fantaskey.  Fischer also disliked "Concerned Citizens."  In reporting the incident between Shank and Fantaskey, Fischer told his supervisor that Shank did not know who approached her from behind.  Fischer knew that his statement to his supervisor was a lie.

Shank complained to Keeler after Fischer refused to investigate.  Keeler refused to investigate because Shank would not drop a criminal complaint that she filed against Fantaskey.  Keeler believed the criminal complaint might cost Fantaskey his job.

On November 2, 1999, which was Election Day, there was some unspecified incident involving Christine Graw, Charles Graw, and Fantaskey at a polling place.  On November 29, 1999, Fantaskey charged Christine and Charles Graw with misdemeanors and summary offenses stemming from the November 2, 1999 incident.  These charges were dismissed on February 17, 2000 by a judge in state court.

4

In July 2000, Fantaskey filed criminal charges against James Graw because James Graw took a picture of another person who was outside. When he took the picture, James Graw was on private property and across the street from the person being photographed. James Graw wanted to report the person for a violation of welfare regulations. The charges against Mr. Graw were dismissed in state court as baseless because there was no law or regulation that prohibited people from taking a public picture.

On July 18, 2000, defendant Fantaskey told David Cohick that Christine Graw was a "slut," a "whore," and a "bastard." Fantaskey made these remarks in an effort to harm or injure Christine Graw's reputation.

Fantaskey would not allow anyone who the police department had deemed a "slut," a "whore," or a "bastard" to speak out publicly. Fantaskey also harassed and attempted to intimidate Christine Graw on numerous other occasions. Fantaskey prohibited members of "Concerned Citizens" from speaking out publicly because of their association with Christine Graw. At some point, Christine Graw filed a criminal complaint against Fantaskey.

Robert Kelly, with the encouragement of Fantaskey, filed a harassment charge against Samuel Eisenhower. The harassment charge was based on Eisenhower's videotaping of young girls in the street. Fantaskey and Kelly confiscated Eisenhower's videocamera. A state court judge found the charges to be without merit and dismissed these charges on August 18, 2000.

5

The Borough of Renovo knowingly allowed, permitted, and ratified Fantaskey's behavior. As a Borough Council member and as the Police Commissioner for the Borough, Fantaskey sets policy for the Borough.

The plaintiffs filed their complaint on October 9, 2001 alleging violations of their civil rights and of state tort law. The plaintiffs sued Fantaskey for violating their First Amendment right to speak, to associate, and not to be retaliated against for exercising their First Amendment rights. Eisenhower also sued Kelly for violating his First Amendment rights. Each plaintiff except for Shank sued Fantaskey for violating their Fourth Amendment right to be free of malicious prosecution. Eisenhower also sued Kelly for malicious prosecution and Kelly and Fantaskey for violating his Fourth Amendment rights by confiscating his videocamera. Shank and Christine Graw sued Fantaskey for unspecified Fourteenth Amendment violations. Shank sued Keeler and Fischer for violating her Fourteenth Amendment rights by refusing to investigate the incident she had with Fantaskey. All of the plaintiffs sued the Borough of Renovo for violating their rights under the First, Fourth, and Fourteenth Amendments. Various state tort law claims were brought by the plaintiffs against Fantaskey.

In December 2001, the defendants moved to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In September 2002, the District Court dismissed the complaint, holding that the federal claims failed to state a claim. The District Court also declined to exercise supplemental jurisdiction over the

6

pendent state law claims.

## II.

The District Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

Our review of the District Court's dismissal for failure to state a claim is plenary. Emerson v. Thiel Coll., 296 F.3d 184, 188 (3d Cir. 2002). We apply the same standard to determine if the complaint should be dismissed for failure to state a claim that the District Court should have used initially. Holder v. City of Allentown, 987 F.2d 188, 193-94 (3d Cir. 1993). A motion to dismiss for failure to state a claim may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, the plaintiff is not entitled to relief. Bd. of Trs. of Teamsters Local 863 Pension Fund v. Foodtown, Inc., 296 F.3d 164, 167 (3d Cir. 2002).

The plaintiffs' civil rights claims are brought under 42 U.S.C. § 1983. A plaintiff may be entitled to relief in the context of a Section 1983 claim if the complaint "sufficiently alleges a deprivation of any right secured by the Constitution." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002). A complaint alleges sufficient facts if it is adequate to put the proper defendants on notice of the essential elements of the plaintiffs' cause of action. Langford v. City of Atlantic City, 235 F.3d 845, 857 (3d Cir. 2000). The notice pleading standard of Federal Rule of Civil Procedure 8(a) requires only that a

complaint contain a short and plain statement showing a right to relief, "not a detailed recitation of the proof that will in the end establish such a right." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 564 (3d Cir. 2002).

Applying these principles to the plaintiffs' complaint, the District Court erred by dismissing the First Amendment and Fourth Amendment claims against Fantaskey, Kelly, and the Borough of Renovo because it does not appear beyond doubt that the plaintiffs can prove no set of facts that would entitle them to relief against these defendants on these claims. The District Court, however, correctly dismissed the claims against Keeler and Fischer, and the unspecified Fourteenth Amendment claims against Fantaskey.

Each plaintiff alleges violations of various facets of their First Amendment rights: the right to speak; the right to associate; and the right to be free of retaliatory action motivated by the individual's exercise of First Amendment rights. For a right to speak claim, a plaintiff must allege that: (1) the speech was protected by the First Amendment and (2) the government excluded the plaintiff's speech in a public or non-public forum without justifying its actions to the standard required for the particular forum. See Cornelius v. NAACP Legal Def. & Educ. Fund, Inc., 473 U.S. 788, 797 (1985). For a right to associate claim, a plaintiff must allege that: (1) the group engaged in protected activities such as expressing its views on political, economic, cultural, and social affairs; (2) the state action at issue significantly infringed the group's ability to advocate its viewpoints; and (3) the state's interest in its action was outweighed by the burden

8

imposed on the associational expression. See Pi Lambda Phi Fraternity v. Univ. of Pittsburgh, 229 F.3d 435, 438, 446-47 (3d Cir. 2000). For a First Amendment retaliation claim, a plaintiff must allege that: (1) the plaintiff engaged in protected activity; (2) the government responded with retaliation; and (3) the protected activity was the cause of the retaliation. See Estate of Smith v. Marasco, 318 F.3d 497, 512 (3d Cir. 2003).

The complaint alleges facts sufficient to state a claim on behalf of each plaintiff with respect to one or more theories of a First Amendment violation. Fairly read, the complaint states that the plaintiffs are members or supporters of Concerned Citizens, a group that has been openly critical of the defendants on questions of public interest. This type of activity is protected by the First Amendment.

Fantaskey allegedly interfered with the rights of the members of Concerned Citizens, that includes the plaintiffs, to associate and to speak out publicly. The plaintiffs, therefore, stated a claim against Fantaskey for violating their First Amendment rights to associate and to speak.

In retaliation for speaking on public issues, Fantaskey charged Christine and Charles Graw with certain offenses that were later dismissed. Implicit in the claims of James Graw is the charge that Fantaskey filed charges against him for conduct that was a prelude to reporting violations of welfare regulations. Eisenhower's First Amendment claim is similar to that of James Graw. Kelly, with Fantaskey's encouragement, filed a harassment charge against Eisenhower for conduct that could have been a prelude to

9

reporting some type of illegal conduct. Shank alleges that she was retaliated against for videotaping a Borough of Renovo Council meeting. Although these First Amendment claims could have been articulated more clearly and more specific facts alleged, we cannot say that under no circumstances could the plaintiffs establish a First Amendment retaliation claim.

The complaint also adequately pleads a violation of the Fourth Amendment's prohibition on unreasonable searches and seizures. To sustain a Fourth Amendment claim, there must be allegations sufficient to show a search or a seizure. Gallo v. City of Philadelphia, 161 F.3d 217, 223 (3d Cir. 1998); see California v. Hodari D., 499 U.S. 621, 625-27 (1991); Brower v. County of Inyo, 489 U.S. 593, 595-96 (1989). In the present case, the alleged seizures related to the seizure of Eisenhower's videocamera and the malicious prosecution of each plaintiff except Alice Shank. Eisenhower's allegation that his videocamera was seized without probable cause is sufficient to state a claim for a Fourth Amendment violation.

We also conclude that the complaint adequately alleges a seizure for purposes of the malicious prosecution claims of Christine Graw, Charles Graw, James Graw, and Samuel Eisenhower. They allege that they were forced to defend themselves against baseless criminal charges. In order to prove these charges, they will have to show that they were seized as a consequence of a legal proceeding. We have interpreted the concept of seizure broadly for purposes of a malicious prosecution claim. In Gallo, it was

10

enough that the plaintiff was indicted by a grand jury, arraigned, released on a personal recognizance bond, and instructed to remain within the boundaries of Pennsylvania and New Jersey. Analogizing the imposition of these restrictions to a Terry stop, we held that "[w]hen [the plaintiff] was obliged to go to court and answer the charges against him, [the plaintiff], like the plaintiff in Terry, was brought to a stop." Gallo, 161 F.3d at 223; see Terry v. Ohio, 392 U.S. 1, 16-18 (1968). Given the broad approach taken in Gallo, the plaintiffs sufficiently allege a seizure for the purpose of surviving a Rule 12(b)(6) motion. See Gallo, 161 F.3d at 223-25.

We disagree with the conclusion of the District Court that the complaint does not allege "any facts that could tend to prove liability on the part of the Borough." Under Section 1983, municipalities and other local government units are among those persons to whom Section 1983 applies. Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). To determine whether a municipality can be held liable under Section 1983, there must be: (1) a municipal policy and (2) a causal link between the municipal policy and the violation of the plaintiff's constitutional rights. Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403-05 (1997).

The complaint alleges that Fantaskey is a council member of the Borough and that the Borough has "consistently approved, ratified, in all ways supported, and encouraged the misconduct of Paul Fantasky as directed at the plaintiffs knowing he sets policy for the Borough as Police Commissioner and Council member and knowing he blatantly

11

violated peoples rights."  The plaintiffs also allege that the Borough has a custom, practice, and usage of committing unlawful acts against political critics such as Concerned Citizens.  With its allegations that Fantaskey violated several of the plaintiffs' constitutional rights and that Fantaskey set municipal policy, a Section 1983 claim has been stated against the Borough of Renovo.

The state law claims will also be reinstated.  These claims were dismissed because the federal claims were dismissed and not for failure to state a claim.  With the reinstatement of several federal claims, the basis for dismissing the state law claims has been eliminated.

The dismissal of the claims against Fischer and Keeler, however, will be affirmed. That claim in essence is that Fischer and Keeler did not investigate Shank's claim that Fantaskey violated her First and Fourteenth Amendment rights.  We agree with the District Court that "an allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim."  See DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 195-96 (1989).  We will also affirm the dismissal of any Fourteenth Amendment claims against Fantaskey.   The plaintiff does not articulate clearly the basis for such a claim and we can discern none in the complaint.

Having determined that the plaintiffs' complaint stated a claim for various First and Fourth Amendment violations, we REVERSE in part, AFFIRM in part, and

12

REMAND for further proceedings consistent with this opinion.


TO THE CLERK OF THE COURT:

    Kindly file the foregoing Opinion.


                            _____/s/ Mary A. McLaughlin_____
                                    District Judge