**David ROSKOS, Linda Roskos and David Roskos, Jr., Plaintiffs,**

v.

**SUGARLOAF TOWNSHIP, Sugarloaf Township Police Department, Sugarloaf Township Supervisors and Diane Fisher, Defendants.**

**No. CIV.A.3:03–CV–1090.**

United States District Court, M.D. Pennsylvania.

Nov. 26, 2003.

Allyn M. Starry, Kennedy & Lucaadamo, P.C., Hazelton, PA, for Plaintiffs.

Joseph A. O'Brien, Karoline Mehalchick, Oliver, Price & Rhodes, Clarks Summit, PA, for Defendants.

### MEMORANDUM AND ORDER

CONABOY, District Judge.

Before the Court is Defendants' Motion to Dismiss Complaint and for a More Specific Complaint, (Doc. 6), filed on September 29, 2003. On June 30, 2003, Plaintiffs filed a complaint asserting five counts against Defendants: Count I—Violation of 42 U.S.C. §§ 1983 and 1985; Count II—Abuse of Process; Count III—Intentional Infliction of Emotional Distress; Count IV—Slander and Defamation; Count V—Negligence.[1] (Doc. 1.) Federal jurisdiction is based on federal question jurisdiction of the §§ 1983 and 1985 claims pursuant to 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction of the common law claims pursuant to 28 U.S.C. § 1367.

In the pending motion, Defendants request the Court to dismiss the Complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, to dismiss all counts except Count IV for defamation and require Plaintiffs to file a more specific complaint as to that count. (See Doc. 7 at 4.) Defendants filed a brief in support of their motion on October 9, 2003, (Doc. 7), and Plaintiffs filed an opposing brief on October 24, 2003, (Doc. 11). Defendants did not file a reply brief and the time for such filing has passed. Therefore, the matter is ripe for disposition. For the reasons set forth below, Defendants' motion is granted in part and denied in part. In addition, we grant Plaintiffs leave to supplement their complaint regarding the § 1983 liability of Defendants Sugarloaf Township, Sugarloaf Township Police Department and Sugarloaf Township Supervisors.

### I. Background

The following recitation presents the facts as alleged in Plaintiffs' Complaint, (Doc. 1), and opposing brief, (Doc. 11), unless otherwise noted. The incidents which gave rise to the instant action began on November 30, 2002, at approximately 12:00 a.m. when Defendant Linda Fisher, a police officer in Sugarloaf Township, seized and impounded a vehicle belonging to Plaintiff Linda Roskos.

Defendants assert that Defendant Fisher seized and impounded nine (9) vehicles parked on Michelle Drive in Sugarloaf Township after she reported to a burglary call at 2 Michelle Drive and discovered a drinking party at 4 Michelle Drive. (Doc. 7 at 2.) A number of individuals attending the party ran into the woods behind the Michelle Drive houses, others were rounded up and given a breath test. (Id.) Those determined to be under the influence were not allowed to drive, and those under age were informed that under age drinking charges would be filed. (Id.) After those who had not been drinking left with their cars and some parents came to pick up others, approximately nine (9) cars were left on Michelle Drive which did not belong to area homeowners or their guests. (Id.) Defendants maintain that Defendant Fisher had these vehicles towed because she was concerned that some party attendees who had fled may return and reclaim their vehicles while in an intoxicated condition. (Id. at 2–3.) Defendant Fisher asserts that Plaintiff David Roskos, Jr., a minor, attended the party and fled into the woods. (Id. at 3.)

---

1. Plaintiffs' Complaint identifies Negligence as Count IV. (Doc. 1 at 12.) However, since "Count IV" for slander and defamation precedes the negligence count, we will consider and refer to the negligence claim as Count V.

Plaintiffs contend that no Plaintiff attended the alleged party and that none of them were present when Defendant Fisher seized and impounded Plaintiff Linda Roskos' vehicle. They further assert that Defendant Fisher never notified them of the impoundment. Plaintiffs did not learn that the vehicle had been impounded until they returned to retrieve the vehicle at 2:00 p.m. on November 30, 2002, when they were informed that the vehicle was at SJM Auto Body in Sugarloaf Township. Plaintiffs went to SJM and were told that the vehicle could only be released by Defendant Fisher. Defendant Fisher released the vehicle at 5:30 p.m. on November 30, 2003. Plaintiff Linda Roskos was not present when Defendant Fisher arrived to release her vehicle. However, Plaintiff David Roskos was present and questioned Fisher about the impoundment. Plaintiff David Roskos asserts that Defendant Fisher then threatened to file under age drinking charges against Plaintiff David Roskos, Jr., and disorderly conduct charges against Plaintiff Linda Roskos.

Defendants allege that the owner of SJM advised Defendant Fisher that Plaintiff Linda Roskos had pounded the desk in his office, yelled at him and created a disturbance in his office on the afternoon of November 30, 2002, before Defendant Fisher arrived to release the vehicle. (Doc. 7 at 3.)

On December 13, 2002, Defendant Fisher issued a citation for disorderly conduct to Plaintiff Linda Roskos. District Justice Daniel O'Donnell in Sugarloaf, Luzerne County, Pennsylvania, dismissed the charges following a hearing on January 8, 2003.

On January 7, 2003, Defendant Fisher issued a criminal citation to Plaintiff David Roskos, Jr., for underage drinking. Plaintiffs assert that Defendant Fisher never observed Defendant David Roskos, Jr., purchasing, consuming, possessing or transporting any alcoholic beverages. Plaintiffs further assert that Defendant Fisher did not have any information that Plaintiff David Roskos, Jr., had engaged in under age drinking. On February 11, 2003, District Justice Daniel O'Donnell dismissed the charges following a hearing.

On the basis of these incidents, Plaintiffs filed the five count complaint outlined above on June 30, 2003. Defendants filed the pending motion on September 29, 2003.

## II. *Standard of Review*

A court, in rendering a decision on a motion to dismiss filed pursuant to Rule 12(b)(6), must accept the veracity of the plaintiffs' allegations. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *White v. Napoleon,* 897 F.2d 103, 106 (3d Cir.1990). In *Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir.1996), the Third Circuit Court of Appeals added that when considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Thus, the test is to determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. *Holder v. City of Allentown,* 987 F.2d 188, 194 (3d Cir.1993). Additionally, a court must accept as true the plaintiffs' factual allegations and all reasonable inferences which can be drawn from them. *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3d Cir.1990).

## III. *Discussion*

Defendants argue generally that Plaintiffs' complaint should be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*See* Doc. 7 at 4.) In the alternative, Defendants request that the Court dismiss all but Count IV for defamation and order Plaintiffs to file a more specific complaint as to Count IV. (*Id.*) We will address Defendants' specific arguments regarding each count in turn.

### A. Violation of 42 U.S.C. §§ 1983 and 1985 (Count I)

Under this count, Plaintiffs allege that Defendant Diane Fisher, acting as "the agent, servant, workman and/or employee of Defendants," violated Plaintiffs Linda Roskos' and David Roskos, Jr.'s rights under the Fourth Amendment of the United States Constitution by filing unwarranted charges against them. (Doc. 1 ¶ 37.) Plaintiffs also allege that Defendant Diane Fisher, acting as "the agent, servant, workman and/or employee of Defendants,", violated Plaintiff Linda Roskos' due process rights under the Fifth and Fourteenth Amendments to the United States Constitution by committing a warrantless seizure of her vehicle. (*Id.* ¶ 38.)

Defendants do not address Plaintiffs' § 1983 claim that the seizure of Plaintiff Linda Roskos' vehicle violated her due process rights. Defendants construe Plaintiffs' § 1983 claim brought pursuant to the Fourth Amendment to be a § 1983 malicious prosecution claim. Defendants argue that Plaintiffs' § 1983 malicious prosecution claim must be dismissed on three grounds: 1) Plaintiffs cannot satisfy a necessary element of this claim—a deprivation of liberty consistent with the concept of seizure, (Doc. 7 at 6); 2) local government bodies cannot be held liable under a *respondeat superior* theory unless the local government body acts unconstitu-

tionally pursuant to a government policy or custom, (*Id.* at 8); and 3) punitive damages are not recoverable from municipal defendants, (*Id.* at 8–9).

■ In general, to establish liability under 42 U.S.C. § 1983 two criteria must be met. First, the conduct complained of must have been committed by a person acting under color of state law. Second, the conduct must have deprived the plaintiff of rights, privileges or immunities secured under the constitution or federal law. *See, e.g., Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

### 1. *Section 1983 Claim based on Malicious Prosecution*

Defendants argue that Plaintiffs have not satisfied a necessary element of a § 1983 malicious prosecution claim because they have not alleged a deprivation of their liberty which would amount to a seizure. (Doc. 7 at 6.)

In order to prevail on a § 1983 action based on malicious prosecution grounded in the Fourth Amendment, a plaintiff must show the following:

> (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other that bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Estate of Smith v. Marasco,* 318 F.3d 497 521 (3d Cir.2003) (citing *Donahue v. Gavin,* 280 F.3d 371, 379–80 (3d Cir.2002)); *see also Gallo v. City of Philadelphia,* 161 F.3d 217, 221–22 (3d Cir.1998) (holding that the deprivation of liberty is the consti-

tutional violation which supports a § 1983 malicious prosecution claim and is, therefore, a necessary element of the action).

Defendants argue that Plaintiffs' Complaint fails to allege a deprivation of liberty of any of the defendants in that no seizure took place: Plaintiff Linda Roskos was never seized by either the impounding of her vehicle or her arrest for disorderly conduct; Plaintiff David Roskos, Jr., was not placed in jail as a result of his under age drinking charge; and Plaintiff David Roskos does not allege any loss of liberty. (Doc. 7 at 7.)

Plaintiffs respond that they were charged with criminal offenses and were required to attend court appearances.[2] (Doc. 11 at 7.) Plaintiffs cite *Gallo v. City of Philadelphia*, 161 F.3d 217, 223 (3d Cir.1998), to support the proposition that no physical touching is required to effect a seizure—a show of authority that restrains a citizen's liberty or intentionally terminates freedom of movement is enough. (Doc. 11 at 7.) In support of their argument that the seizure element is satisfied if a person is required to attend court proceedings pursuant to criminal charges, Plaintiffs cite *Freeman v. Murray*, 163 F.Supp.2d 478 (M.D.Pa.2001). (Doc. 11 at 7.)

Our review of case law since *Gallo* held that a deprivation of liberty consistent with the concept of seizure is a necessary element of a § 1983 malicious prosecution claim reveals that courts within our circuit are divided on what constitutes "seizure" for the purpose of this element.

In applying the seizure element, the *Gallo* court stated that the § 1983 malicious prosecution plaintiff (who had been acquitted of charges that he deliberately set fire to his business) had to "show that he suffered a seizure as a consequence of a legal proceeding." *Gallo*, 161 F.3d at 221. The court found that the plaintiff's liberty had been restricted in the following ways: "he had to post a $10,000 bond, had to attend all court hearings including his trial and arraignment, was required to contact Pretrial Services on a weekly basis, and he was prohibited from traveling outside New Jersey and Pennsylvania." *Id.* The court concluded: "Although it is a close question, we agree with Gallo that these restrictions amount to seizure." *Id.*

With *Gallo* as the guiding Third Circuit precedent on the issue, courts within our circuit have had varied interpretations of what constitutes a seizure for purposes of a § 1983 malicious prosecution claim. Plaintiffs are correct that the *Freeman* court found a seizure. However, the *Freeman* court relied on more than the fact that the plaintiff had to attend court proceedings. The court found that the plaintiff's liberty had been restricted through the following: "she surrendered pursuant to an arrest warrant and attended her arraignment, she was required to post $500.00 bond, and she was further required to attend all proceedings." *Freeman*, 163 F.Supp.2d at 484. The court

---

**2.** In Plaintiffs' responsive brief, they also argue that—counter to Defendants' contention that there was no deprivation of liberty and, therefore, no basis of a § 1983 claim—they were denied use of their property during the period the vehicle was improperly seized and impounded. (Doc. 11 at 7.) We will not address this argument because we decide the viability of Plaintiffs' § 1983 claim on the grounds raised by Defendants—the lack of seizure of the person. Further, we note that we do not decide here the implications of the seizure of Plaintiff Linda Roskos' vehicle because Defendants did not directly raise it in their brief. (See Doc. 7.) Rather, Defendants merely mentioned (without discussing) the seizure of the vehicle as it relates to Plaintiff Linda Roskos' personal seizure and Plaintiff David Roskos' payment of one hundred dollars ($100.00) for the recovery of his wife's vehicle. (Doc. 11 at 7.)

also distinguished the case from *Bristow v. Clevenger*, 80 F.Supp.2d 421 (M.D.Pa. 2000), in which the court found no seizure. The *Freeman* court found *Bristow* distinguishable because the *Bristow* plaintiff "was released on her own recognizance and the only proceedings she was required to attend were a pretrial conference and a hearing where her record was expunged." *Freeman*, 163 F.Supp.2d at 484. Thus, the *Freeman* dicta indicates that, where no bail is imposed, the mere requirement that an accused attend a hearing would not constitute a seizure.

However, another case decided within the Middle District, *Williams v. Fedor*, 69 F.Supp.2d 649, 670 (M.D.Pa.1999), supports a more broad reading of the *Gallo* holding. "[T]he requirements inherent in the criminal process—that Williams submit to processing and appear in court as required—are sufficient restraints to constitute a Fourth Amendment 'seizure.'" The *Williams* plaintiff was required to submit to processing by the State Police and obligated to appear at a preliminary hearing, an arraignment and a pretrial evidentiary hearing. *Williams*, 69 F.Supp.2d at 655–56.

In addition to *Bristow*, many courts within the Third Circuit have read *Gallo* more narrowly and concluded that the circumstances did not indicate a seizure for Fourth Amendment purposes. *Ankele v. Hambrick*, Civ. A. No. 02–4004, 2003 WL 22339213, at *10 (E.D.Pa. Oct.8, 2003) (stating the fact that the plaintiff "was free to travel without geographic limitation is particularly significant" and finding no seizure); *Mantz v. Chain*, 239 F.Supp.2d 486, 503 (D.N.J.2002) (holding that the issuance of a summons requiring a criminal defendant to appear in court on a certain date does not amount to a seizure under the Fourth Amendment); *Russoli v. Salisbury Township*, 126 F.Supp.2d 821, 853–54 (E.D.Pa.2000) (holding that the plaintiffs

malicious prosecution claims could not be grounded in the Fourth Amendment where plaintiffs were not held in jail and they had not alleged any significant pretrial restraints on their liberty); *Colbert v. Angstadt*, 169 F.Supp.2d 352, 356 (E.D.Pa. 2001) (holding that, where the plaintiff received a summons in the mail, the facts that the plaintiff was given a date to appear in court and attended a district justice hearing were insufficient to establish a seizure).

The courts finding that no seizure had occurred generally cite to the *Gallo* court's statement that the factual situation presented a "close call" on whether a seizure had occurred. *See, e.g., Mantz*, 239 F.Supp.2d at 503. If the liberty restraints in *Gallo* were a "close call," they reason, then fewer or lesser restraints on a person's liberty would not satisfy the seizure element. *Id.*

Because Plaintiffs in this case were not restrained in their liberty beyond having to appear in court pursuant to receiving a summons in the mail (and did not have to submit to processing as did the *Williams* plaintiff), we may be inclined to agree with Defendants that no seizure had occurred here if not for a recent unpublished Third Circuit Court of Appeals opinion. In *Graw v. Fantasky*, 68 Fed. Appx. 378, 382–83 (3d Cir.2003), the court considered the district court's finding that no seizure had occurred and addressed the issue as follows:

> We have interpreted the concept of seizure broadly for purposes of a malicious prosecution claim. In *Gallo*, it was enough that the plaintiff was indicted by a grand jury, arraigned, released on a personal recognizance bond, and instructed to remain within the boundaries of Pennsylvania and New Jersey. Analogizing the imposition of these restrictions to a *Terry* stop, we held that

"[w]hen [the plaintiff] was obliged to go to court and answer the charges against him, [the Plaintiff], like the plaintiff in Terry, was brought to a stop." *Gallo,* 161 F.3d at 223; *see Terry v. Ohio,* 392 U.S. 1, 16–18, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Given the broad approach taken in *Gallo,* the Plaintiffs sufficiently allege a seizure for the purpose of surviving a Rule 12(b)(6) motion. *See Gallo,* 161 F.3d at 223–25.

*Graw,* 68 Fed. Appx. at 382–83.

*Graw* does not identify the liberty restrictions imposed upon the plaintiffs. However, documents filed in the case below indicate that the plaintiffs were not arrested. Rather the summary offense and misdemeanor charges were mailed to the plaintiffs, and the plaintiffs did not allege any restrictions beyond the necessity to be present at a hearing or trial. (4:CV–01–1935, Doc. 21 at 10–11; Doc. 23 at 2–3, 6.) The liberty restrictions in *Graw* were fewer than those in *Gallo* but the court of appeals made no distinction in their discussion or holding—finding that only the obligation to appear in court to answer charges was sufficient to constitute a seizure. *Graw,* 68 Fed. Appx. at 382–83.

■ Although not precedential, *Graw* indicates how the Third Circuit Court of Appeals would rule in our case. Because of the broad holding in *Graw* and the fact that the liberty restraints Plaintiffs experienced in our case are similar to those experienced by the *Graw* plaintiffs, we conclude that Plaintiffs satisfy the seizure element of a § 1983 malicious prosecution claim. Therefore, we deny Defendants' motion to dismiss Plaintiffs' § 1983 claim for malicious prosecution.

### 2. *Section 1983 Municipal Liability*

Defendants assert that Plaintiffs allege a theory of *respondeat superior* against Sugarloaf Township, the Sugarloaf Township Police Department and Sugarloaf Township Supervisors (Municipal Defendants) and that Plaintiffs cannot recover against these Defendants under the asserted theory. (Doc. 7 at 7.)

The United States Supreme Court addressed the issue of municipal liability for the acts of its employees in *Monell v. New York City Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.... In [reversing the judgment below], we have no occasion to address, and do not address, what the full contours of municipal liability under § 1983 may be. We have attempted only to sketch so much of the § 1983 cause of action against a local government as is apparent from the history of the 1871 Act and our prior cases, and we expressly leave further development of this action to another day.

*Monell,* 436 U.S. at 694–95, 98 S.Ct. 2018.

Subsequent Supreme Court and Third Circuit decisions have elaborated upon the issue. The Court held that "the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact" in City of *Canton v. Harris,* 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). The Third Circuit has held that "deficient training may form a basis for municipal liability under section 1983 only if both (1) contemporaneous knowledge of the offending incident or knowledge of a prior pattern of

similar incidents, and (2) circumstances under which the supervisor's inaction could be found to have communicated a message of approval to the offending subordinate are present." *Bonenberger v. Plymouth Township*, 132 F.3d 20, 25 (3d Cir.1997) (internal quotation and citation omitted); *see also Montgomery v. DeSimone*, 159 F.3d 120, 126–27 (3d Cir.1998).

Defendants argue that because Plaintiffs' complaint does not allege that the seizure of Plaintiff Linda Roskos' vehicle was taken pursuant to any policy or custom, Plaintiffs' claim against Municipal Defendants fails to state a claim upon which relief may be granted. (Doc. 7 at 8.)

Plaintiffs maintain that the Complaint alleges sufficient facts to establish liability in that the Complaint alleges that Municipal Defendants failed to properly train Defendant Fisher, negligently supervised her and allowed her to continue to violate the constitutional rights of citizens. (Doc. 11 at 8–9.) Plaintiffs further assert that, while Defendants may have a factual defense to this claim at trial, discovery is appropriate on this issue to allow Plaintiffs the opportunity to develop facts regarding their municipal liability claim. (*Id.* at 9.)

■ While we agree with Defendants that relevant law indicates that Plaintiffs cannot succeed on a *respondeat superior* theory of § 1983 liability, we also agree with Plaintiffs that their complaint alleges a failure to properly train and supervise Defendant Fisher. (*See* Doc. 1 ¶ 59.) The problem is that these allegations are made under Plaintiffs' negligence claim (Count V), not under their § 1983 claim (Count I), and the allegations made in Count V are not incorporated by reference into Count I. The only allegations made in Count I relate to Defendant Diane Fisher, "the agent, servant, workman and/or employee of Defendants, Sugarloaf Township, Sugarloaf Township Police Department and Sugarloaf Board of Supervisors." (Doc. 1

¶¶ 35–39.) Because the relevant law reviewed above indicates that exploration of official policies and customs, including those involving police training, is appropriate through discovery, we conclude that pursuant to Rule 15 of the Federal Rules of Civil Procedure, the best course of action at this stage of the proceedings is to allow Plaintiffs to supplement their § 1983 allegations with more detailed information about Municipal Defendants' liability.

### 3. Punitive Damages Claims

Defendants assert that Plaintiffs have failed to state a claim for punitive damages against Municipal Defendants because punitive damages are not recoverable from a municipality under either § 1983 or Pennsylvania state law claims. (Doc. 7 at 9.) Here we will address the issue regarding § 1983. We will consider the issue as to state law claims later in the opinion.

The United States Supreme Court first considered whether a municipality could be held liable for punitive damages under § 1983 in *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981). After noting that the Court held in *Monell* that a municipality could be held liable as a "person" within the meaning of 42 U.S.C. § 1983 and therefore was not wholly immune from liability, the Court held that a municipality is immune from punitive damages under § 1983. *City of Newport*, 453 U.S. at 249, 271, 101 S.Ct. 2748. The Court has affirmed its holding in later decisions, including the notation in *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 786 n. 15, 120 S.Ct. 1858, 146 L.Ed.2d 836 (2000), that "[a] better reading of *Newport* is that we were concerned with imposing punitive damages on taxpayers under any circumstances." *See also Smith v. Wade*, 461 U.S. 30, 35 n. 5, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983).

The Third Circuit Court of Appeals has stated that *City of Newport* "stands for the proposition that municipalities, and more broadly, state and local governments are immune from punitive damages under [42 U.S.C. § 1983]." *Doe v. County of Centre*, 242 F.3d 437 (3d Cir.2001).

■ Despite Plaintiffs many citations intended to support their position that a municipality may be liable for punitive damages under § 1983, we conclude that the cases cited do not provide the desired support. Plaintiffs acknowledge the *City of Newport* holding but infer that the *Monell* holding may allow for punitive damages to be assessed against a municipality when the municipality "unconstitutionally implements or enforces 'a policy statement, ordinance, regulation or decision officially adopted and promulgated by' the officers of that municipality." (Doc. 11 at 10–11 (quoting *Monell*, 436 U.S. at 690, 98 S.Ct. 2018).) We find this inference untenable given the Court's clear holding in *City of Newport* in which the Court recognized its *Monell* holding and left no room for finding a municipality liable for § 1983 punitive damages under *any* circumstances. Therefore, we conclude that Defendants Sugarloaf Township, Sugarloaf Township Police Department and Sugarloaf Township Supervisors are not liable for punitive damages under § 1983.

However, we cannot totally dismiss Plaintiffs' claim against Municipal Defendants for punitive damages under Count I because Defendants have not addressed the availability of punitive damages under § 1985. Plaintiffs' 42 U.S.C. § 1985 action may go forward in its entirety because no argument has been made for dismissal of this cause of action against any Defendant.[3] Similarly, Plaintiffs' claims against

Defendant Fisher go forward because Defendants have made no argument to the contrary. We also note that Plaintiffs' § 1983 claim based on the Fifth and Fourteenth Amendments, (Doc. 1 ¶¶ 35, 38), may go forward because Defendants have made no argument for dismissal of Plaintiffs' § 1983 claim grounded in these Amendments. *See supra* n. 1.

**B. Claims Barred by Political Subdivision Tort Claims Act**

Defendants assert that Plaintiffs' remaining claims—abuse of process, defamation, intentional infliction of emotional distress (IIED) and negligence—are barred by the Political Subdivision Tort Claims Act (PSTCA). (Doc. 7 at 9.)

The PSTCA states that "except as otherwise provided in this subchapter, no local agencies shall be liable for any damages on account of any injury to a person or property caused by an act of a local agency or employee thereof or any other person." 42 Pa.C.S.A. § 8541. Section 8542 sets forth the exceptions to governmental immunity: liability may be imposed for the negligent acts of the local employee or agency in certain limited situations, including "[t]he care, custody or control of personal property of others in the possession or control of the local agency." 42 Pa.C.S.A. § 8542(a), (b)(2). " '[N]egligent acts' shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct." 42 Pa.C.S.A. § 8542(a)(2). Section 8550 exposes the employees of a local agency to personal liability upon a judicial determination that the employee's act constituted a "crime, actual fraud, actual malice or willful misconduct" but does not impose

---

**3.** Defendants' motion, (Doc. 6), does not mention § 1985 specifically and their supporting brief, (Doc. 7), requests dismissal of "Plaintiffs' § 1983 and § 1985 Malicious Prosecu-

tion Claims." (Doc. 7 at 6.) However, Defendants make no argument in the body of their brief for the dismissal of § 1985.

liability on the local agency for such conduct. 42 Pa.C.S.A. § 8550; *Steiner v. City of Pittsburgh,* 97 Pa.Cmwlth. 440, 509 A.2d 1368, 1370 (1986). Under Pennsylvania law, "willful misconduct" has been defined to mean "conduct whereby the actor desired to bring about the result that followed or at least was aware that it was substantially certain to follow, so that such desire can be implied." *King v. Breach,* 115 Pa.Cmwlth. 355, 540 A.2d 976, 981 (1988) (citing *Evans v. Philadelphia Transportation Co.,* 418 Pa. 567, 212 A.2d 440 (1965)). "In other words, the term 'willful misconduct' is synonymous with the term 'intentional tort.' " *King,* 540 A.2d at 981. Abuse of process, defamation and intentional infliction of emotional distress are intentional torts under Pennsylvania law. *Douris v. Schweiker,* 229 F.Supp.2d 391, 403 (E.D.Pa.2002); *Haefner v. Steward,* 19 Pa. D. & C.4th 152, 160 (1993). Courts have held that a municipality cannot be held liable for the intentional torts of an employee under the PSTCA. *See, e.g., Lakits v. York,* 258 F.Supp.2d 401, 405 (E.D.Pa.2003) (citations omitted).

Defendants argue that Municipal Defendants are immune from suit because Plaintiffs' claims of abuse of process, IIED and defamation are acts constituting malice or willful misconduct, therefore the PSTCA forecloses liability for these acts and the claims should be dismissed. (Doc. 7 at 10.) Defendants also argue that Plaintiffs' negligence claims should be dismissed because they have not alleged any of the enumerated exceptions which would allow the imposition of liability. (*Id.*) Finally, Defendants argue that Defendant Fisher is entitled to immunity because Plaintiffs have not alleged any willful misconduct on her part nor have they alleged any negligence by Defendant Fisher that falls within one of the exceptions of § 8542(b). (*Id.* at 11.)

Plaintiffs do not argue that Municipal Defendants are not protected by the PSTCA. (See Doc. 11 at 9–11.) Rather, they maintain that, under *Monell* and *City of Canton v. Harris,* 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), a municipality may be liable when the injury results from execution of a government policy or custom or on a "failure to train" theory. (Doc. 11 at 11.) Regarding municipal liability under the PSTCA, Plaintiffs acknowledge that "[w]hile ... a municipality and its employees are generally immune from liability for negligent conduct, municipal employees may lose their immunity by engaging in acts which constitute crimes, actual malice or willful misconduct." (Doc. 11 at 12 (citing 42 Pa. C.S.A. § 8550).) Plaintiffs then argue that, if the allegations set forth in Counts II, III, and IV (Abuse of Process, Intentional Infliction of Emotional Distress, and Slander and Defamation) are established at trial, "the verdict in their favor would be a judicial determination of willful misconduct on the part of the individual Defendant charged." (*Id.*) Thus, Plaintiffs conclude, they have set forth claims demonstrating willful misconduct which would strip Defendant Fisher of her statutory immunity. (*Id.*)

Because the cases cited by Plaintiffs in support of municipal liability relate to municipal liability under 42 U.S.C. § 1983 and not under Pennsylvania law, they do not support municipal liability for the state law claims set forth in Plaintiffs' Complaint. Thus, Municipal Defendants cannot be held liable for the state law claims under Plaintiffs' asserted theory.

We further conclude that Municipal Defendants are entitled to immunity under the PSTCA for all state law claims. Plaintiffs' abuse of process, IIED and defamation claims are intentional torts for which local agencies cannot be held liable under the PSTCA. Regarding the negligence claims, Plaintiffs do not argue that

any of the alleged grounds of negligence fall within an exception enumerated in 42 Pa.C.S.A. § 8542(b)—they assert only that the intentional tort claims should be allowed to go forward against Defendant Fisher. (Doc. 11 at 11–12.) Therefore, we grant Defendants' motion to dismiss Plaintiffs' state law claims with regard to Municipal Defendants.[4]

Because the only named defendants in Plaintiffs' negligence claim are Municipal Defendants, this claim (Count V) is dismissed in its entirety.

We cannot say at this stage of the proceedings that the PSTCA shields Defendant Fisher from liability because Plaintiffs' complaint alleges malice and/or willful misconduct on her part. (*See, e.g.,* Doc. 1 ¶¶ 41, 46, 49, 54.) Therefore we will individually address the viability of Plaintiffs' remaining state law claims against Defendant Fisher—abuse of process, IIED and defamation.

### C. Abuse of Process (Count II)

Defendants argue that Plaintiffs' abuse of process claim must fail because their Complaint does not allege that Defendant Fisher initiated criminal proceedings against Plaintiffs for a specific purpose other than that of legitimate process. (Doc. 7 at 11–12.)

■ To establish a claim for abuse of process, a plaintiff must show that the defendant used a legal process against the plaintiff primarily to accomplish a purpose for which it was not designed and harm has been caused to the plaintiff. *Werner v. Plater–Zyberk,* 799 A.2d 776, 785 (Pa.Super.2002).

Defendants contend that Plaintiffs' complaint "must allege a definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process" and the claim should be dismissed because the Complaint fails to make such an allegation. (Doc. 7 at 11 (citing *Williams,* 69 F.Supp.2d at 673).)

Plaintiffs maintain that their complaint is sufficient because the abuse of process claim asserts that Defendant Fisher instituted criminal proceedings without probable cause. Plaintiffs also contend that the facts presented in the Complaint set forth assertions relating to probable cause and the allegation that the proceedings were threatened when Plaintiff David Roskos protested the seizure and impoundment of his wife's vehicle. (Doc. 11 at 13.)

■ We agree with Plaintiffs that their complaint adequately sets forth a claim for abuse of process under the liberal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Defendants reliance on *Williams* is misplaced for several reasons: 1) *Williams* did not specifically discuss general pleading requirements for an abuse of process claim, only finding that in the fact situation presented the complaint did not make out such a claim; 2) the case upon which Williams relied, *Feldman v. Trust Co. Bank,* No. Civ. A. 93–1260, 1993 WL 300136, at *4 (E.D.Pa. Aug.2, 1993), found that abuse of process had not been pled with sufficient particularity because allegations of fraud were involved and fraud must be pled with particularity; and 3) the *Williams* and *Feldman* fact situations are easily distinguishable from those presented here. Because

4. We agree with Defendants that under Pennsylvania law a municipality is immune from punitive damages, both in its own right and under a theory of vicarious liability. *Township of Bensalem v. Press,* 93 Pa.Cmwlth. 235, 501 A.2d 331, 338–39 (1985); *see also Tobin*

*v. Badamo,* No. 3:00CV783, 2000 WL 1880262, at *5 (M.D.Pa. Dec.20, 2000). However, we need not analyze this issue based on our conclusion that Plaintiffs' state law claims cannot go forward as to Municipal Defendants.

we find that Plaintiffs' Complaint adequately sets forth a claim for abuse of process under the Federal Rules' notice pleading requirements, we conclude that this claim may go forward as to Defendant Fisher.

### D. Intentional Infliction of Emotional Distress (Count III)

Although Defendants' motion states that Plaintiffs' IIED claim "fails to allege facts which would establish" IIED, (Doc. 6 ¶ 5), their brief does not present any basis for dismissal of this claim other than the PSTCA immunity argument. Based on our determination that Defendant Fisher may not be entitled to the protections of the PSTCA, we conclude that Plaintiffs' IIED claim may go forward as it applies to Defendant Fisher.

### E. Slander and Defamation (Count IV)

Defendants argue that Plaintiffs' defamation claim should be dismissed because they have failed to plead this count with sufficient specificity. (Doc. 7 at 12–13.) Defendants cite *Ersek v. Township of Springfield*, 822 F.Supp. 218, 223 (E.D.Pa. 1993), aff'd. mem., 102 F.3d 79 (3d Cir. 1996), in support of the proposition that a complaint of defamation must identify specifically what allegedly defamatory statements were made by whom and to whom. (Doc. 7 at 12.)

Plaintiffs maintain that they have pled their defamation claim with sufficient particularity. They cite *Maleski v. D.P. Realty Trust*, 653 A.2d 54 (Pa.Commw.1994), in support of their assertion that a plaintiff is not required to plead evidence in its complaint and need not allege all factual details underlying his claim. (Doc. 11 at 14.)

■■ We find that Defendants' reliance on *Ersek* is misplaced because, in holding that specific pleading requirements were necessary, the court relied on a Pennsylvania case applying Pennsylvania pleading

requirements. *Ersek*, 822 F.Supp. at 223 (citing *Moses v. McWilliams*, 379 Pa.Super. 150, 549 A.2d 950, 960 (1988)). Insofar as Pennsylvania requires fact pleading and the Federal Rules of Civil Procedure require only notice pleading, and we are to apply the Federal Rules, we conclude that the pleading standard set forth in *Ersek* is not applicable here. Pa. R. Civ. P. Rule 1019; Fed.R.Civ.P. Rule 8. Other courts are in agreement that, for a defamation claim brought in federal court, the plaintiff does not have to plead the precise defamatory statements as long as the count provides sufficient notice to the defendant. *See, e.g., Joyce v. Alti America*, No. Civ. A. 00–5420, 2001 WL 1251489, at *2 (E.D.Pa. Sept.27, 2001) (citing cases and recognizing that *Ersek* is not applicable in a defamation case in federal court).

■■ Based on the foregoing discussion, we agree with Plaintiffs that their Complaint sufficiently sets out a claim for defamation. While Plaintiffs do not specifically identify the words spoken by Defendant Fisher, they allege that she made "false statements about Plaintiffs committing the aforesaid criminal offenses." (Doc. 1 ¶ 52.) Plaintiffs also assert that the statements were made at the magisterial hearings. (*Id.* ¶ 53.) We conclude that these and other assertions made in Plaintiffs' defamation count give sufficient notice to satisfy federal pleading requirements. Therefore, we deny Defendants' motion to dismiss Plaintiffs' defamation claim and also deny their motion for a more definite complaint.

### IV. *Conclusion*

For the reasons set forth above, Defendants' motion to dismiss is denied in part and granted in part. As to Count I based on Plaintiffs' § 1983 malicious prosecution claim, Defendants' motion to dismiss the claim in its entirety is denied and the

motion to dismiss the punitive damages claims against Municipal Defendants is granted. Plaintiffs are also granted leave to supplement their § 1983 allegations with more detailed information about Municipal Defendants' liability. For clarification, we reiterate that Count I survives on all asserted bases except that Plaintiffs' claim for punitive damages against Defendants Sugarloaf Township, Sugarloaf Township Police Department and Sugarloaf Township Supervisors under § 1983 is dismissed.

As to Counts II, III and IV for abuse of process, intentional infliction of emotional distress and defamation respectively, Defendants' motion to dismiss these counts as they relate to Defendant Fisher is denied and as they relate to Municipal Defendants is granted. Count V for negligence is dismissed in its entirety. Defendants' motion for a more definite complaint is denied. An appropriate Order follows.

### ORDER

AND NOW, this 26th day of November 2003, for the reasons set forth in the accompanying Memorandum, it is hereby Ordered that:

1. Motion of Defendants to Dismiss Complaint and for a More Specific Complaint, (Doc. 6), is **DENIED IN PART AND GRANTED IN PART**;

2. Defendants' motion to dismiss Plaintiffs' § 1983 malicious prosecution claim in Count I is **DENIED**;

3. Defendants' motion to dismiss Plaintiffs' punitive damages claim under § 1983 in Count I against Defendants Sugarloaf Township, Sugarloaf Township Police Department and Sugarloaf Township Supervisors is **GRANTED**;

4. Defendants' motion to dismiss Count II (Abuse of Process) is **DENIED** as to Defendant Fisher;

5. Defendants' motion to dismiss Count II (Abuse of Process) is **GRANTED** as to Defendants Sugarloaf Township, Sugarloaf Township Police Department and Sugarloaf Township Supervisors;

6. Defendants' motion to dismiss Count III (Intentional Infliction of Emotional Distress) is **DENIED** as to Defendant Fisher;

7. Defendants' motion to dismiss Count III (Intentional Infliction of Emotional Distress) is **GRANTED** as to Defendants Sugarloaf Township, Sugarloaf Township Police Department and Sugarloaf Township Supervisors;

8. Defendants' motion to dismiss Count IV (Slander and Defamation) is **DENIED** as to Defendant Fisher;

9. Defendants' motion to dismiss Count IV (Slander and Defamation) is **GRANTED** as to Defendants Sugarloaf Township, Sugarloaf Township Police Department and Sugarloaf Township Supervisors;

10. Defendants' motion to dismiss Count V (Negligence) is **GRANTED**;

11. Defendants' Motion for a More Specific Complaint, (Doc. 6), is **DENIED**;

12. Plaintiffs are granted leave to supplement their 42 U.S.C. § 1983 allegations (Count I) with more detailed information concerning the liability of Defendants Sugarloaf Township, Sugarloaf Township Police Department and Sugarloaf Township Supervisors;

**THE TOTAL OF EFFECT OF THIS ORDER IS AS FOLLOWS:**

1. Plaintiffs may file an amended complaint on or before December 15, 2003, supplementing their allegations regarding 42 U.S.C. § 1983 liability of Defendants Sugarloaf Township, Sugarloaf Township Police Department and Sugarloaf Township Supervisors;

2. Defendants are directed to file an answer to the remaining parts of Counts I, II, III and IV twenty days after the filing of the amended complaint if such complaint is filed but not later that January 5, 2003.

The Clerk of Court is directed to mark the docket.