

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-29-2005

# Dibella v. Beachwood

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4892

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Dibella v. Beachwood" (2005). *2005 Decisions*. Paper 1296.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1296

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No: 03-4892/04-1257

————————

ROBERT DIBELLA; JOHN MCLAUGHLIN,

Appellants - (Case No.03-4892)

v.

BOROUGH OF BEACHWOOD, a municipality
organized under the laws of the State
of New Jersey; BEACHWOOD POLICE DEPARTMENT;
JOHN WAGNER, CHIEF, in his official capacity
and personally; JOHN ZUPA, POLICE OFFICER,
personally and in his official capacity

ROBERT DIBELLA; JOHN MCLAUGHLIN

v.

BOROUGH OF BEACHWOOD, a municipality organized
under the laws of the State of New Jersey;
BEACHWOOD POLICE DEPARTMENT; JOHN WAGNER,
Chief, in his official capacity and personally;
JOHN ZUPA, Police Officer, personally and in
his official capacity

Appellants - (Case No. 04-1257)

————————

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 02-cv-03883
District Judge: The Honorable Garrett E. Brown, Jr.

————————

Argued on January 11, 2005

(Filed: April 29, 2005)

Before: ROTH and CHERTOFF[*], *Circuit Judges*, and SHAPIRO,[**] *District Judge*.

Harry J. Levin, Esquire (Argued)
Colleen F. Cyphers
Levin & Cyphers
1410 Hooper Avenue
Toms River, NJ 08753

     Counsel for Appellants/Cross Appellees

David R. Leahy, Esquire (Argued)
Gilmore & Monahan
10 Allen Street
P.O. Box 1540
Toms River, NJ 08754

     Counsel for Appellees/Cross Appellants

---

OPINION

---

SHAPIRO, *District Judge*.

Plaintiffs, Robert DiBella and John McLauglin, appeal a post-trial district court order vacating a jury award of $78,237 in compensatory damages, and $95,000 in punitive damages to each plaintiff. The judge held there had been no Fourth Amendment seizure as required in a malicious prosecution action under 42 U.S.C. § 1983. The District Court decision is affirmed.

---

[*] Judge Chertoff heard oral argument in this case but resigned prior to the time the opinion was filed. The opinion is filed by a quorum of the panel. 28 U.S.C. § 46(d).

[**]Honorable Norma L. Shapiro, Senior District Judge for the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

## I. FACTS AND PROCEDURAL HISTORY

On October 30, 1999, DiBella and McLaughlin were campaigning for positions on the governing body of the Borough of Beachwood, Ocean County, New Jersey. They were on public property handing out literature to pedestrians, bicyclists, and drivers stopped at a traffic light. They had also posted signs at the intersection. DiBella testified their political opponent drove by and they had a verbal confrontation. DiBella suspected his opponent then called Chief of Police, John Wagner ("Chief Wagner"), and pressured Chief Wagner to have them stop their campaigning.

Shortly after the verbal confrontation, Police Officer John Zupa ("Officer Zupa") approached DiBella and McLaughlin and told them to move their illegally parked van; they complied. When Officer Zupa later returned and told them to leave the area, they refused. DiBella and McLaughlin disputed Officer Zupa's contention he explained that to approach automobiles stopped at the intersection was dangerous and the signs were blocking motorists' views. Officer Zupa issued a summons for defiant trespass under N.J.S.A. 2C:18-3B, a petty disorderly offense when a person remains in a place, knowing he is not licensed or privileged to do so, after he receives notice of trespass by actual communication.

DiBella and McLaughlin were convicted of defiant trespass in the Borough of Beachwood Municipal Court. The Superior Court of New Jersey, Law Division, Criminal Part, holding their conduct did not constitute defiant trespass as a matter of law, reversed

3

the conviction. The trial court then amended the charge to violation of N.J.S.A. 2C:33-2a(2) (creating a hazardous condition by an act which serves no legitimate purpose of the actor). After a second conviction, the Superior Court, Appellate Division, reversed again and all charges were dismissed.

Appellants filed this action for malicious prosecution under 42 U.S.C. § 1983 in federal district court. The jury awarded $78,237 to the appellants in compensatory damages for legal fees. The jury also awarded each appellant $75,000 in punitive damages against Chief Wagner, and $20,000 against Officer Zupa.

After the jury verdict, the judge entered judgment for defendants and ruled having to attend pretrial and trial hearings did not constitute a government "seizure" in a 42 U.S.C. § 1983 malicious prosecution action predicated on the Fourth Amendment. DiBella and McLaughlin now appeal.

Chief Wagner and Officer Zupa cross-appeal based on: (1) qualified immunity; and (2) probable cause to issue the summons. They also appeal the jury verdict on the ground that there was insufficient malice to support an award of punitive damages and the punitive damages were excessive.

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had federal question jurisdiction over plaintiffs' civil rights claim asserted under 42 U.S.C. § 1983. We have jurisdiction of this appeal of the District Court's final judgment under 28 U.S.C. § 1291, and exercise plenary review over

4

the grant of a Rule 50(b) motion for judgment as a matter of law. <u>Lightning Lube, Inc. v. Witco Corp.</u>, 4 F.3d 1153, 1166 (3d Cir.1993) (<u>citing</u> <u>Wittekamp v. Gulf & Western, Inc.</u>, 991 F.2d 1137, 1141 (3d Cir.), *cert. denied,* 510 U.S. 917, 114 S.Ct. 309, 126 L.Ed.2d 256 (1993)).

### III. Discussion

Title 42 U.S.C. § 1983 is not a source of substantive rights but a vehicle for vindicating rights conferred by the U.S. Constitution or by federal statute. <u>See</u> <u>Baker v. McCollan</u>, 443 U.S. 137, 145 n.3 (1979). DiBella and McLaughlin assert a Section 1983 malicious prosecution action for violation of the Fourth Amendment. They contend having to attend their trials for defiant trespass and for violation of N.J.S.A. 2C:33-2a(2) constituted an unreasonable seizure.

To prevail in a Section 1983 action malicious prosecution action, a plaintiff must show:

 (1) the defendants initiated a criminal proceeding;
 (2) the criminal proceeding ended in the plaintiff's favor;
 (3) the proceeding was initiated without probable cause;
 (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and
 (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

<u>Estate of Smith v. Marasco</u>, 318 F.3d 497, 521 (3d Cir. 2003).

The state initiated criminal proceedings against DiBella and McLaughlin; the criminal proceedings ended in their favor when dismissed on appeal. In the subsequent

5

malicious prosecution trial, the jury found Officer Zupa had no probable cause to issue the defiant trespass summons, and Chief Wagner and Officer Zupa had acted for a purpose other than bringing the plaintiffs to justice. The trial judge vacated the jury verdict by ruling that issuing a summons requiring a criminal defendant to appear in court did not constitute a Fourth Amendment seizure as a matter of law.

Albright v. Oliver, 510 U.S. 266 (1994), sets the framework for Section 1983 malicious prosecution jurisprudence. Albright was arrested for the sale of a substance which looked like an illegal drug; he was released after posting bond; and the case was dismissed because the charge did not state an offense under state law. Albright asserted a substantive due process violation but did not claim a Fourth Amendment violation.

The Supreme Court rejected Albright's Section 1983 malicious prosecution claim based on the Fourteenth Amendment's Due Process Clause because his surrender to the State "constituted a seizure for the purposes of the Fourth Amendment" id., at 812, and where "a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process must be the guide for analyzing these claims."*** Id., at 813. The Court did not decide whether Albright asserted a viable

---

*** Although the Supreme Court did not directly address the issue, we have interpreted Albright as requiring a viable Section 1983 action for malicious prosecution be based on a federal constitutional violation rather than state common law. Merkle v. Upper Dublin School Dist., 211 F.3d 782, 792 (3rd Cir. 2000).

6

malicious prosecution claim under the Fourth Amendment because that question was not presented in the petition for *certiorari*. Albright suggested malicious prosecution could be based on a violation of the Fourth Amendment without delineating the specific types of actionable violations.

Justice Ginsburg argued in her concurring opinion that Fourth Amendment protection extends from the initial arrest or seizure to the end of trial, id., at 276-81, but her concept of "continuing seizure" has been explicitly rejected by three circuits. Karam v. City of Burbank, 352 F.3d 1188, 1194 (9th Cir. 2003) (plaintiff's pretrial release requiring her to make court appearances and imposing pretrial restrictions did not constitute a Fourth Amendment "seizure" in a Section 1983 malicious prosecution action); Riley v. Dorton, 115 F.3d 1159, 1164 (4th Cir. 1997) (rejecting Justice Ginsburg's "'continuing seizure' theory of the Fourth Amendment" in an excessive force action where plaintiff's alleged injuries occurred during booking); Wilkins v. May, 872 F.2d 190, 194 (7th Cir. 1989) (rejecting "continuing seizure" in an excessive force action where plaintiff's injuries occurred during interrogation).

Three circuits, to varying degrees, have adopted Justice Ginsburg's concept of continuing seizure. The Fifth Circuit found a Fourth Amendment seizure in a case where the defendant was fingerprinted, photographed, and then required to sign a personal recognizance bond, report regularly to Pretrial Services, obtain permission before leaving the state, and provide federal officers with financial and identifying information. Evans

v. Ball, 168 F.3d 856, 860-61 (5th Cir. 1999).  The Second Circuit has ruled travel restrictions and court appearances "are appropriately viewed as seizures within the meaning of the Fourth Amendment."  Murphy v. Lynn, 118 F.3d 938, 946 (2nd Cir. 1997).  However, in Murphy, plaintiff had been verbally abused and physically attacked by four policeman, arrested, charged with a felony and incarcerated overnight.  Id., at 942.

Appellants contend this court has "adopt[ed] a broad approach" to the definition of "seizure."  See, Gallo v. City of Philadelphia. 161 F. 3d 217, 224 (3rd Cir. 1998).  The plaintiff in Gallo was arrested for arson and posted a $10,000 bond; he was prohibited from traveling outside Pennsylvania and New Jersey, required to contact Pretrial Services on a weekly basis, and required to attend all court hearings including his trial and arraignment. This court concluded that, "although it was a close question, we agree with Gallo that these restrictions amounted to a seizure."  161 F.3d at 222.[****]

Appellants reliance on *dicta* from Gallo is misplaced because "prosecution without

_____

[****] In their briefs, and in oral argument, appellants placed considerable weight on a non precedential Third Circuit decision: Graw v. Fantasky, 68 Fed. Appx. 378 (3d Cir. 2003).  Plaintiffs in Graw alleged First, Fourth, and Fourteenth Amendment violations stemming from a series of incidents and confrontations between members of a citizen organization and several police officers.  The District Court granted defendants' Motion to Dismiss; we reversed in part and remanded.  After finding the seizure of a videocamera without probable cause "sufficient to state a Fourth Amendment violation," we held having to defend oneself against baseless criminal charges sufficiently alleged a seizure "for the purpose of surviving a Rule 12(b)(6) motion" to dismiss.  Id. at 382. Graw is distinguishable, but "[b]ecause only published opinions have precedential value, the court does not cite to its unpublished opinions as authority." Third Circuit Internal Operating Procedure 5.7 (July 2002).

probable cause is not, in and of itself, a constitutional tort." Id., at 222 (citing Albright, 510 U.S. at 274). The type of constitutional injury the Fourth Amendment is intended to redress is the deprivation of liberty accompanying prosecution, not prosecution itself. Id.

If Gallo was a "close question;" here there could be no seizure significant enough to constitute a Fourth Amendment violation in support of a Section 1983 malicious prosecution action. Gallo was arrested and subjected to significant pretrial restrictions. DiBella and McLaughlin were only issued a summons; they were never arrested; they never posted bail; they were free to travel; and they did not have to report to Pretrial Services. Their liberty was restricted only during the Municipal Court trials and the Fourth Amendment does not extend beyond the period of pretrial restrictions. See, Torres v. McLaughlin, 163 F.3d 169, 174 (3rd Cir. 1998) ("the limits of Fourth Amendment protection relate to the boundary between arrest and pretrial detention.") ; see also, Donahue v. Gavin, 280 F.3d 371, 381 (3rd Cir. 2002) (same).

Pretrial custody and some onerous types of pretrial, non-custodial restrictions constitute a Fourth Amendment seizure. DiBella and McLaughlin failed to state a cause of action for malicious prosecution because their attendance at trial did not qualify as a Fourth Amendment seizure.

## CONCLUSION

Attending one's trial is not a government "seizure" in a 42 U.S.C. § 1983

9

malicious prosecution action for violation of the Fourth Amendment. The district court's judgment vacating the jury verdict for appellants, DiBella and McLaughlin, is AFFIRMED; the cross-appeal of Chief Wagner and Officer Zupa is DENIED as moot.