

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-16-2006

# Laufgas v. Patterson

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4074

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Laufgas v. Patterson" (2006). *2006 Decisions*. Paper 200.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/200

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-4074

———————

BERNARD LAUFGAS,

Appellant

v.

VAUGHAN PATTERSON, (Police Officer and individually); LARRY GALLAGHER
(Police Officer and individually); BRUCE PRICE (Police Officer and individually);
CITY OF PATERSON POLICE OFFICERS (John Doe and Jane Doe unknown presently
as Police Officers 1-100 and individually); THE CITY OF PATERSON; BETTY ANN
GROSS; PATRICK J. CASERTA, (individual); VINCENT AMORESANO (Chief of
Police and individually); EMPLOYEES, ELECTED OFFICIALS AND STAFF OF THE
CITY OF PATERSON (John and Jane Doe, unknown presently as 1–100)

———————

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 01-cv-02356)
District Judge: Honorable Jose L. Linares

———————

Submitted Under Third Circuit LAR 34.1(a)
August 30, 2006

Before: RENDELL, AMBRO and ROTH, <u>Circuit Judges</u>

(Filed:  November 16, 2006)

———————

OPINION

———————

PER CURIAM

In February 1996, Officer Vaughan Patterson of the Paterson, New Jersey Police Department arrested Bernard Laufgas for refusing to produce identification for the purpose of issuing a summons. Patterson subsequently issued Laufgas citations for placing litter on prohibited property, obstruction of a governmental function, and failing to provide identification when requested.[1] On March 17, 1998, following a bench trial in the North Haledon Municipal Court, Laufgas was convicted of the offenses. Laufgas appealed his conviction to the Superior Court of New Jersey, Passaic County. Although the Superior Court reversed Laufgas' convictions on May 25, 1999, it noted that "substantial probable cause existed" for issuance of the summonses and complaints.

Laufgas subsequently filed the underlying pro se civil rights complaint in the United States District Court for the District of New Jersey on May 14, 2001, asserting claims of malicious prosecution, as well as false arrest and imprisonment. Laufgas sought ten million dollars in damages. Appellees moved for dismissal. With the exception of Laufgas' malicious prosecution claim, the District Court granted appellees' motion to dismiss by order entered October 21, 2003. As to the malicious prosecution claim, however, the District Court denied appellees' motions for summary judgment without prejudice to refiling, because the court could not determine, on the record presented, whether probable cause existed. Appellees duly refiled their motions, and by

_____

[1] A fourth citation issued to Laufgas for obstructing a sidewalk was subsequently dismissed on the State's motion as duplicative.

2

order entered July 28, 2005, the District Court granted summary judgment in their favor as to Laufgas' malicious prosecution claim based upon the Superior Court's "order" that probable cause existed for issuance of the summonses and complaints.

Laufgas has timely appealed the District Court's July 28 order.[2] We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's order granting summary judgment. McLeod v. Hartford Life & Acc. Ins. Co., 372 F.3d 618, 623 (3d Cir. 2004). For the reasons that follow, we will affirm albeit on different grounds. See Prusky v. Reliastar Life Ins. Co., 445 F.3d 695, 700 n.10 (3d Cir. 2006), ("The Court of Appeals may affirm the grant of summary judgment on grounds different from those relied upon by the District Court.").

To prevail on a malicious prosecution claim under 42 U.S.C. § 1983, a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003).

Laufgas' claim is fatally deficient insofar as he has failed to show that he suffered

---

[2] In his notice of appeal and in his briefs, Laufgas references only the July 28, 2005 order. Thus, we will not consider the District Court's October 22, 2003 order. See, e.g., In re Surrick, 338 F.3d 224, 237 (3d Cir. 2003) (holding that the failure to identify or argue an issue in an opening brief constitutes waiver of that argument on appeal).

3

a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. While appellant's arrest and subsequent two hour detention on February 4, 1996, amounted to a seizure within the meaning of the Fourth Amendment, they were not made pursuant to a warrant and occurred prior to the filing of any criminal complaint. Therefore, they cannot serve as the basis for his malicious prosecution claim. See Nieves McSweeney, 241 F.3d 46, 54 (1st Cir. 2001)(noting that "Appellants were arrested without a warrant and, thus, their arrests – which antedated any legal process – cannot be part of the Fourth Amendment seizure upon which they base their section 1983 [malicious prosecution] claims."). Laufgas' required attendance at various hearings and ultimate bench trial likewise fails to fit the bill, and he mentions no other onerous types of pretrial non-custodial restrictions. As explained in DiBella v. Borough of Beachwood, 407 F.3d 599 (3d Cir. 2005), "[t]he type of constitutional injury the Fourth Amendment is intended to redress is the deprivation of liberty accompanying prosecution, not prosecution itself." Id. at 603. Moreover, while we are aware that Laufgas also references a six hour period of detention on July 16, 1998, when he was apparently confined for failing to pay the fine imposed after his conviction, this Court has repeatedly held that "the Fourth Amendment does not extend beyond the period of pretrial restrictions." Id.; see also Torres v. McLaughlin, 163 F.3d 169, 174 (3rd Cir.1998) ("[T]he limits of Fourth Amendment protection relate to the boundary between arrest and pretrial detention.").

Finally, we have considered Laufgas' challenges to the various discovery rulings issued during the summary judgment proceedings and, to the extent they are even

properly before this Court, reject them without further comment.

Accordingly, we will affirm the judgment of the District Court granting summary judgment in favor of appellees. Appellant's motion to strike appellees' brief is denied.