

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-19-2008

# Hitchens v. Montgomery

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4819

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Hitchens v. Montgomery" (2008). *2008 Decisions*. Paper 1213.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1213

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4819

BARBARA HITCHENS

Appellant

v.

MONTGOMERY COUNTY;
MONTGOMERY COUNTY CORRECTIONAL FACILITY;
ED ECHAVARRIA; JULIO M. ALGARIN

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 01-cv-02564)
Magistrate Judge:  Hon. M. Faith Angell

Submitted under Third Circuit LAR 34.1 (a)
on March 4, 2008

Before:  SCIRICA, <u>Chief Judge</u>, FISHER and ROTH, <u>Circuit Judges</u>

(Opinion Filed    May 19, 2008  )

O P I N I O N

**ROTH**, Circuit Judge:

This appeal involves a Title VII claim by appellant, Barbara Hitchens, against her former employer, Montgomery County and the Montgomery County Correctional Facility, alleging a hostile work environment caused by sexual harassment. Because we find that Hitchens failed to meet her burden to provide sufficient evidence to support all elements of her Title VII claim, we will affirm the judgment of the District Court.

## I. BACKGROUND

As the facts are well known to the parties, we give only a brief description of the facts and procedural posture of the case.

Hitchens, a corrections officer for the Montgomery County Correctional Facility, claims she was sexually harassed by Edward Echevarria, a civilian employee of the prison, in March and April of 2000. The alleged harassment occurred while Hitchens worked in the staff laundry and Echevarria worked as a laundry supervisor in the inmate laundry. Hitchens did not report the harassment to her employer. In September 2000, Hitchens filed a complaint with the Equal Employment Opportunity Commission (EEOC) complaining of the harassment, and Echevarria was told not to have any further contact with her.

On May 24, 2001, Hitchens filed a complaint with the United States District Court for the Eastern District of Pennsylvania alleging sexual harassment violations as well as violations of her Constitutional rights pursuant to 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1986. Additionally, Hitchens asserted a claim pursuant to Title VII of the Civil Rights Act

2

of 1964 alleging a sexually hostile work environment. In response to a number of motions filed by the defendants, all the claims, save the Title VII claim, were dismissed.

The case proceeded to jury trial on September 19-20, 2006. At the conclusion of Hitchens' case, the District Court indicated in open court that it would grant the defendant Montgomery County's renewed motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50 because Hitchens (1) failed to provide sufficient evidence establishing respondeat superior liability and (2) failed to provide any evidence of injury or damages.[1] On September 22, 2006, the District Court issued an order granting such motion on the basis that Hitchens' Title VII claim could not be supported because of her failure to provide sufficient evidence establishing respondeat superior liability. Thereafter, the District Court issued an order denying Hitchens' motion for reconsideration in granting defendants' Rule 50 motion. Hitchens timely appealed.

## II. DISCUSSION

The District Court had jurisdiction over Hitchens' Title VII claim under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3). We have jurisdiction pursuant to 28 U.S.C. § 1291.

Hitchens argues on appeal that the District Court erred in denying her motion to reconsider the grant of defendant's Rule 50 motion for judgment as a matter of law.

---

[1] Specifically with regard to respondent superior liability, the District Court concluded that Hitchens failed to provide sufficient evidence proving that (1) Echevarria was her supervisor, rather than a mere co-worker, or (2) her employer knew or should have known of the harassment and failed to take prompt remedial action.

3

Specifically, Hitchens argues that Echevarria was her supervisor and this is sufficient evidence establishing respondeat superior liability.[2]

We review a district court's denial of a motion for reconsideration for an abuse of discretion. *United States v. Herrold*, 962 F.2d 1131, 1136 (3d Cir. 1992). Where, as here, the underlying judgment for review – the judgment granting the defendants' Rule 50 motion for judgment as a matter of law – is based in part upon the interpretation and application of a legal precept, our review is plenary. *Id.; see also DiBella v. Borough of Beachwood*, 407 F.3d 599, 601 (3d Cir. 2005) (explaining that we exercise plenary review over the grant of a Rule 50 motion for judgment as a matter of law). However, "to the extent that the district court's order was based on its factual conclusions, we review under a 'clearly erroneous' standard." *Herrold*, 962 F.2d at 1136 (citations omitted).

"A motion for judgment as a matter of law under Federal Rule 50(a) should be granted only if, viewing the evidence in the light most favorable to the nonmoving party, there is no question of material fact for the jury and any verdict other than the one directed would be

---

[2]We note that Hitchens fails to address the District Court's conclusion that she did not provide *any* evidence of injury or damages, which is a necessary element of a Title VII claim. *See Kunin v. Sears Roebuck and Co.*, 175 F.3d 289, 293 (3d Cir. 1999). Generally, such failure to raise an argument on appeal amounts to waiver, and we could affirm the District Court's grant of the defendant's motion for judgment as a matter of law on this basis alone. *See Couden v. Duffy*, 446 F.3d 483, 492 (3d Cir. 2006) (explaining that "an appellant's failure to identify or argue an issue in his opening brief constitutes a waiver of that issue on appeal"). However, because the written order granting defendant's motion indicated only that Hitchens failed to provide sufficient evidence on the existence of respondeat superior liability, we will address the merits of her argument.

4

erroneous under the governing law." *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996) (internal quotations omitted). In *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153 (3d Cir. 1993), we explained that "although the court draws all reasonable and logical inferences in the nonmovant's favor, we must affirm an order granting judgment as a matter of law if, upon review of the record, it is apparent that the verdict is not supported by legally sufficient evidence." *Id.* at 1166.

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). As this Court has previously noted, "a plaintiff can demonstrate a violation of Title VII by proving that sexual harassment created a hostile or abusive work environment." *Kunin v. Sears Roebuck and Co.*, 175 F.3d 289, 293 (3d Cir. 1999). In order to be successful in his or her claim, a plaintiff must present sufficient evidence to support the following five elements of a hostile work environment claim: "(1) the employee[ ] suffered intentional discrimination because of [his or her] sex; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position; and (5) the existence of respondeat superior liability." *Id.* (*quoting Andrews v. City of Philadelphia*, 895 F.2d 1469, 1482 (3d Cir. 1990)).

5

With regard to the fifth element–respondeat superior liability– this Court has established that "[a]n employer is not always vicariously liable for a hostile work environment." *Kunin*, 175 F.3d at 293. It is well recognized that an employer is vicariously liable to a victimized employee "for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee." *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998). If this is the case, the employer will ultimately be liable for the supervisor's conduct, provided that the supervisor took "tangible employment action" against the employee, *see id.*, which includes employment related actions such as "discharge, demotion, or undesirable reassignment," *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 765 (1998). However, if the supervisor charged with creating the hostile environment did not take "tangible employment action" against the employee, the employer may raise as an affirmative defense to liability the fact that it "exercised reasonable care to prevent and correct promptly any sexually harassing behavior . . . and that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise . . .." *Durham Life Insurance Co. v. Evans*, 166 F.3d 139, 150 (3d Cir.1999)) (*quoting Ellerth*, 524 U.S. at 765).

On the other hand, if the person charged with creating the hostile environment is the plaintiff's co-worker, and not a supervisor, "liability exists [only] where the [employer] knew or should have known of the harassment and failed to take prompt remedial action." *Kunin*, 175 F.3d at 293 (*citing Andrews*, 895 F.2d at 1486 (citations omitted)). "Prompt remedial

6

action" is conduct "reasonably calculated to prevent further harassment." *Bonenberger v. Plymouth Township*, 132 F.3d 20, 26 (3d Cir.1997) *(citing Knabe v. Boury Corp.*, 114 F.3d 407, 412 (3d Cir.1997)).

In viewing the evidence in a light most favorable to Hitchens, we agree with the District Court that she failed to provide sufficient evidence establishing the existence of respondeat superior liability and damages or injury, which are necessary elements of her Title VII hostile environment claim. *See Andrews*, 895 F.2d at 1482.

First, we conclude that the District Court's finding that Echevarria was Hitchens' co-worker (rather than her supervisor) was not clearly erroneous given her testimony at trial. Hitchens testified that Echevarria was not her supervisor. He was not in her chain of command because he was a civilian employee and thus had no supervisory authority over Hitchens or any of the corrections officers. Hitchens conceded at trial that Echevarria did not have the power to hire, fire, or discipline Hitchens, nor did he have the power to set her hours or review her performance. Rather, Hitchens' supervisor and shift commander was Captain Delores Martin, and Echevarria was merely a co-worker.

Second, we agree that, as a matter of law, respondeat superior liability cannot be imposed upon the defendant employer because the evidence presented at trial was far from sufficient to prove that the employer knew or should have known of the sexual harassment. *See Kunin*, 175 F.3d at 293. Hitchens testified that she never reported the alleged harassment to her supervisor, to the police, or to the County Equal Employment Opportunity Officer.

7

Hitchens recognized that the sexual harassment policy of the County directed employees to report any incident of this type to either the employee's supervisor or, in the alternative, to the Equal Employment Opportunity Officer, yet she did neither.  Only when Hitchens filed her complaint with the EEOC did her employer have knowledge of her allegations of sexual harassment, at which time Echevarria was told not to have any further contact with her.  Therefore, because her employer did not know or have reason to know of the alleged sexual harassment, there was no opportunity for her employer to promptly remedy the situation and defendants cannot be held liable.  *See Bonenberger*, 132 F.3d at 26; *see also Kunin*, 175 F.3d at 293.

## III.  CONCLUSION

The District Court's judgment granting defendant County of Montgomery's Rule 50 motion for judgment as a matter of law was proper because Hitchens failed to provide sufficient evidence supporting all elements of her Title VII claim.[3]  Based on the foregoing, we will affirm the judgment of the District Court.

---

[3] We also find that Hitchens failed to present any evidence supporting the third element of her Title VII claim– that the discrimination detrimentally affected the plaintiff.  We agree with the District Court that there may have been some purported effect to her ability to sleep or her comfortableness, but as the evidence at trial showed, she continued to do her job at apparently the same meritorious level that she displayed prior to the alleged harassment, and that there was no evidence demonstrating that her employment situation was significantly affected.  *Kunin*, 175 F.3d at 293.

8