**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1102
_____

MADHU AGARWAL; DR. ANIL AGARWAL,

Appellants

v.

CITY OF JERSEY CITY; MR. JOSEPH MAZZONE; JERSEY CITY MUNICIPAL
COURT; STATE OF NEW JERSEY, through Jersey City Municipal Court Prosecutor
representing the State of New Jersey; MR. JOSEPH BOYLE; EDWARD COLEMAN,
Director of Jersey City Division of Housing Code Enforcement; MR. RODNEY
HADLEY, Director of Public Works Division of Parks and Forestry; MR. ROBERT
KANE, Division of Housing Code Enforcement; DIRECTOR OF JERSEY CITY
DEPARTMENT OF TRAFFIC; MR. MARK REDFIELD, Department of H.E.D.C.;
JOHN DOE INSURANCE COMPANY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil No. 08-cv-02529)
District Judge:  Honorable Susan D. Wigenton

_____

Submitted Pursuant to Third Circuit LAR 34.1
June 23, 2010

Before:  RENDELL, HARDIMAN AND ALDISERT, Circuit Judges

(Opinion filed: July 13, 2010)

_____

OPINION
_____

PER CURIAM

Anil Agarwal and his wife Madhu Agarwal, proceeding pro se, appeal an order of the United States District Court for the District of New Jersey granting motions to dismiss their civil rights action. We will affirm the District Court's order.

The Agarwals filed a pro se action in District Court against the City of Jersey City and various Jersey City employees (the "Jersey City Defendants"), Jersey City Municipal Court Judge Nesle Rodriguez, and the State of New Jersey, claiming malicious prosecution and harassment in connection with complaints brought against Madhu Agarwal in a New Jersey municipal court for housing code violations. The Jersey City Defendants and Judge Rodriguez moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. They also argued that they are immune from suit. The State of New Jersey also moved to dismiss the complaint, asserting, among other things, sovereign immunity.

After a hearing on the motions to dismiss and a motion to amend the complaint filed by the Agarwals, the District Court dismissed the complaint with prejudice. The District Court first noted that Anil Agarwal, who appeared at the hearing without his wife, had no standing to come before the court because his wife owned the property that was the subject of their complaint. The District Court further found that the Agarwals' complaint and proposed amended complaint were incomprehensible and that the defendants could not respond to them. The District Court stated that, to the extent the

2

Agarwals claimed that the defendants conspired against them and filed false charges, the State of New Jersey is immune from suit under the Eleventh Amendment, the municipal court judge is absolutely immune from suit, and the individual Jersey City employees are entitled to qualified immunity. The District Court concluded that any attempt to amend the complaint would be futile. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Atkinson v. LaFayette College, 460 F.3d 447, 451 (3d Cir. 2006).

To the extent the District Court held that the Agarwals' complaint is subject to dismissal because it is incomprehensible, we disagree. Although their complaint is not a model of clarity, the Agarwals allege that the Jersey City defendants maliciously filed two complaints, numbers 20070009340906 and HCE2007151871, which were unfounded and for purposes of harassment. They provide the dates the complaints were issued and state that the complaints were later dismissed. Liberally construed, the Agarwals' federal complaint attempts to state a claim for malicious prosecution pursuant to 42 U.S.C. § 1983.

Although we conclude that dismissal of the complaint was not warranted for the reason stated by the District Court, the complaint was properly dismissed under Rule 12(b)(6) for failure to state a claim. See Storey v. Burns Int'l Sec. Serv., 390 F.3d 760, 761 n.1 (3d Cir. 2004) (noting appellate court may affirm result reached by district court

3

on different reasons if the record supports the judgment). "To establish a claim of malicious prosecution under § 1983, a plaintiff must establish: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for purposes other than bringing plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009) (en banc).

Anil Agarwal concedes in his brief that the complaints filed in municipal court were brought against his wife, not him. He thus has no claim for malicious prosecution. Regarding Madhu Agarwal's claim, the complaint does not allege that she suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. See Donahue v. Gavin, 280 F.3d 371, 380-82 (3d Cir. 2002) (discussing requirement of a Fourth Amendment violation to establish malicious prosecution). Although the Agarwals aver that a warrant was issued before the second complaint was dismissed, Madhu Agarwal was never arrested and it appears that the only restriction on her liberty was the requirement that she appear in court. This restriction is insufficient to state a claim for malicious prosecution under § 1983. See DiBella v. Borough of Beachwood, 407 F.3d 599, 603 (3d Cir. 2005) (holding attendance at trial is not a "seizure" in a § 1983 malicious prosecution action for violation of the Fourth

4

Amendment). Thus, the complaint was properly dismissed.[1]

In addition, we agree with the District Court that the State of New Jersey is immune from suit under the Eleventh Amendment, Will v. Michigan Dep't of State Police, 491 U.S. 58, 66-67 (1989), and that Judge Rodriguez is immune from liability for his judicial acts. Figueroa v. Blackburn, 208 F.3d 435, 441-43 (3d Cir. 2000). The Agarwals also fail to state a claim against the City of Jersey City, which is only liable under § 1983 for violations resulting from official municipal policy or custom. Monell v. Dep't of Soc. Serv., 436 U.S. 658, 694 (1978). The Agarwals have not alleged such a violation. Finally, we need not consider the District Court's decision that the individual Jersey City defendants are entitled to qualified immunity because, as discussed above, the allegations in the complaint do not establish the violation of a constitutional right. Donahue, 280 F.3d at 378.

Accordingly, we will affirm the District Court's order. The Agarwals' motion to proceed on the original record, which we construe as a motion to expand the record, is denied.

---

[1]We also conclude that it would be futile to allow amendment of the complaint. The District Court appears to have reviewed a proposed amended complaint submitted by the Agarwals, which was not docketed or filed or included in the record. The Agarwals' other District Court filings suggest that they sought to bring additional claims of malicious prosecution based on other complaints filed against them in municipal court. The Agarwals, however, have not addressed the substance of their proposed amended complaint in their opening brief and they have thus waived any argument that the District Court erred in denying their motion to amend. Nagle v. Alspach, 8 F.3d 141, 143 (3d Cir. 1993).