**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2417
_____

TIMOTHY D. LEAR,

Appellant

v.

GEORGE ZANIC; BRIAN LEWIS;
LAURIE FORSHEY; BRIAN HAUBRICK;
TIMOTHY MERCER

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 1-11-cv-01408)
District Judge:  Honorable William W. Caldwell

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 19, 2013

_____

Before:  FUENTES, CHAGARES, and BARRY, Circuit Judges.

(Filed: April 5, 2013)

_____

OPINION
_____

CHAGARES, Circuit Judge.

In July of 2011, appellant Timothy Lear filed a complaint under 42 U.S.C. § 1983

against a county district attorney, several police officers, and his former girlfriend.  The

District Court dismissed the complaint and denied Lear's motion to reconsider. For the reasons explained below, we will affirm.

I.

We write solely for the parties and will therefore recount only those facts that are essential to our disposition. Lear's complaint contains the following allegations: Lear, a Pennsylvania State Police ("PSP") officer, was "involved in a personal intimate relationship" with defendant Laurie Forshey. Compl. ¶ 22. Without Lear's knowledge, Forshey began a sexual relationship with Huntingdon County district attorney George Zanic.[1] When Lear learned of the relationship, he approached Zanic to complain and ask questions. In retaliation for this confrontation, Zanic instructed Forshey to report falsely to law enforcement that Lear had committed a litany of crimes including burglary, assault, and harassment. Lear was tried for those crimes but acquitted of all charges by a jury. However, Lear was placed on "restricted duty" by the PSP based on the criminal charges and because of his defense against the charges in court. The complaint also alleges that PSP Captain Timothy Mercer and PSP officers Brian Lewis and Brian Haubrick (collectively the "PSP defendants") took part in Zanic's scheme by encouraging Forshey to file her claims, by assisting her in doing so, and by placing Lear on restricted duty.

Based on these allegations, the complaint maintains that Lear's First, Fourth, and Fourteenth Amendment rights were violated, and seeks recovery under 42 U.S.C. § 1983. The District Court granted the defendants' motion to dismiss, granting leave to amend on

---

[1] The complaint incorrectly spells the district attorney's surname "Zanick."

2

the first two counts, but denying leave to amend on the third and fourth counts. Rather than amending the complaint, Lear filed a motion to reconsider, which was denied. He now appeals the dismissal.

## II.[2]

### A.

The first count of Lear's complaint alleges that all five defendants violated his Fourth Amendment rights by maliciously prosecuting him for the crimes that Forshey reported. The District Court dismissed this count because Lear failed to allege that he "suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding," as is required by our case law for malicious prosecution claims brought under 42 U.S.C. §1983. DiBella v. Borough of Beachwood, 407 F.3d 599, 601 (3d Cir. 2005).

In reviewing the District Court's decision, we must decide whether Lear's complaint alleges that he suffered a Fourth Amendment seizure constituting a deprivation of liberty. While "[p]retrial custody and some onerous types of pretrial, non-custodial restrictions constitute a Fourth Amendment seizure," simply being forced to appear at a trial or pretrial hearings is not sufficient to constitute a deprivation of liberty for a malicious prosecution claim. Id. at 603 (explaining that "[t]he type of constitutional injury the Fourth Amendment is intended to redress is the deprivation of liberty

---

[2] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1291 grants us appellate jurisdiction. We exercise plenary review over a district court's order granting a motion to dismiss. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

accompanying prosecution, not prosecution itself"). However, in an earlier case, we concluded that a seizure had occurred when the defendant had to post a $10,000 bond, was restricted from travelling outside Pennsylvania and New Jersey, and was required to contact pretrial services on a weekly basis. Gallo v. City of Philadelphia, 161 F.3d 217, 222 (3d Cir. 1998) (noting that, based on facts listed, it was a "close question" whether seizure had occurred).

On appeal, Lear makes no argument related to any detention or travel restrictions placed on him before his criminal trial. Instead, he argues that being placed on "restricted duty" by the PSP "in effect makes a PSP member a prisoner of sorts." Lear Br. 13. The complaint states that when a PSP officer is on restricted duty, he may not wear a uniform outside the barracks, must turn in his weapon, and is not allowed to earn overtime. Clearly, none of these employment-related restrictions amounts to a deprivation of personal liberty as contemplated by our case law, which focuses on actual detention, posting of bonds, and restriction from travel. Thus, we will affirm the dismissal of the malicious prosecution claim.

B.

Lear also claims that Zanic and the PSP defendants retaliated against him in violation of his First Amendment right to petition for redress of grievances. As noted by the District Court, the complaint contains two distinct retaliation arguments.

First, Lear alleges that Zanic and two of the PSP defendants retaliated against him for confronting Zanic about his relationship with Forshey. Zanic allegedly orchestrated the criminal action, and the two PSP defendants allegedly assisted Forshey with

4

preparing fabrications for Lear's trial. The District Court dismissed this claim because it concluded that Lear's discussion with Zanic was not a petition, and therefore there was no basis to recover under the Petition Clause.

"[T]he Petition Clause protects the right of individuals to appeal to courts and other forums established by the government for resolution of legal disputes." Borough of Duryea v. Guarnieri, 131 S. Ct. 2488, 2494 (2011). Lear's discussion with Zanic about Forshey was not an appeal to a court or other forum; it was an appeal from one citizen to another about a private dispute. Lear admits this in his brief, but argues that the fact that there was no petition "doesn't detract from [Lear's] 'expression' activities." Lear Br. 17. Regardless of whether Lear's speech was expressive, we agree with the District Court that his conversation with Zanic was not a petition.

The complaint also claims that by carrying on a police investigation of Lear while his trial was occurring, Mercer was retaliating against Lear "because Lear defended himself in court." Compl. ¶ 53. The District Court concluded that while the Petition Clause protected Lear's use of the courts, his claim could not succeed because his complaint did not state that the topics raised at trial were a matter of public concern.

A public employee may bring a retaliation claim under the Petition Clause only if his petition was a matter of public concern. Guarnieri, 131 S. Ct. at 2493. As the District Court explained, Lear's complaint does not allege that he raised matters of public concern while defending himself in court. The District Court also pointed out that Lear subsequently argued that his defense to the criminal charges included allegations of government corruption. Yet instead of amending his complaint to include reference to

5

his discussion of public corruption, Lear filed a motion for reconsideration and then appealed to this Court. Because Lear's complaint still fails to allege that his defense to the criminal charges involved matters of public concern, we must affirm.[3]

## C.

The third count of the complaint alleges that the PSP defendants "appl[ied] unequally investigative powers, rules, and regulations of the PSP in order to retaliate against the plaintiff Lear for defending himself in court and for complaining to and about George Zanick." Compl. ¶ 56. The District Court dismissed this claim as well, explaining that public employees can successfully bring standard equal protection claims, but not equal protection claims alleging that the plaintiff is the only member of the class facing disparate treatment.

In Engquist v. Oregon Department of Agriculture, the Supreme Court held that "ratifying a class-of-one theory of equal protection in the context of public employment would impermissibly constitutionalize the employee grievance." 553 U.S. 591, 609 (2008) (quotation marks omitted). Again, Lear argues that his claim is unrelated to his status as a public employee. Yet this position ignores the complaint's clear allegations that "the purpose of [the PSP defendants'] unlawful effort was to employ . . . regulations of the PSP in order to retaliate" against Lear, Compl. ¶ 56, that "PSP uses this [sic] investigatory and disciplinary procedures in an arbitrary and capricious fashion," id. ¶ 57,

---

[3] Lear now argues that the District Court applied the wrong law because he would not have to meet Guarnieri's public concern requirement if he were not a public employee. However, Lear's argument with regard to Mercer hinges on the disciplinary action taken by the PSP, his public employer. Thus, he cannot avoid application of Guarnieri.

and that "the same investigatory and disciplinary processes are unlawfully withheld from others similarly situated." Id. ¶ 58. Thus, count three clearly alleges that the three defendants affiliated with PSP, his public employer, misapplied PSP regulations in order to take adverse employment action against him. Because the District Court correctly applied Supreme Court precedent, we will affirm its dismissal of the equal protection claim.

D.

The fourth and final count of Lear's complaint asserts that Zanic violated Lear's substantive due process rights and his right to privacy by interfering in his relationship with Forshey.[4] The District Court dismissed the claim because Lear did not allege that Zanic interfered with his right to date Forshey, because Lear did not allege conscience-shocking behavior, and because the action was barred by the statute of limitations.

Our law is clear that in order to state a claim for substantive due process, "a plaintiff must prove the particular interest at issue is protected by the substantive due process clause and the government's deprivation of that protected interest shocks the conscience." Chainey v. Street, 523 F.3d 200, 219 (3d Cir. 2008). While there appears to be some dispute over whether a plaintiff's right to an intimate relationship is protected, Lear's claim fails because his complaint did not allege that Zanic's action as a government official interfered with Lear's right to date Forshey. Instead, Lear argues that Zanic "targeted the relationship to achieve a sexual conquest using his official

---

[4] Though the complaint mentions a right to privacy violation, Lear makes no argument in support of this claim on appeal.

position as a credential with Forshey." Compl. ¶ 60. Zanic's alleged use of his position "as a credential" to win Forshey's affection does not amount to a government infringement on any right Lear may have to maintain a relationship with Forshey.

To the extent that Lear argues that he should have been allowed to amend his complaint on this claim,[5] we conclude that the District Court's decision was not an abuse of discretion. See Lorenz v. CSX Corp., 1 F.3d 1406, 1413 (3d Cir. 1993) (reviewing district court's denial of leave to amend for abuse of discretion). Though it is conceivable that Lear could have amended his complaint to allege that Zanic's role in the prosecution amounted to state interference with Lear's relationship, Lear's brief to the District Court explicitly disclaimed any assertion that Zanic's involvement was taken in his official capacity.[6] Appendix 20b.

Because count four fails to allege that Zanic violated Lear's substantive due process rights, we will affirm the District Court's dismissal.

III.

For these reasons, we will affirm the judgment of the District Court.

---

[5] It is unclear whether Lear challenges the District Court's decision to deny leave to amend. Principally, he argues that his complaint was sufficient and that no amendment was necessary. Yet the final page of his brief contains the following sentence: "Admittedly, appellants argue here that the complaint was clearly sufficient and met minimal pleading standards on their faces even though the court granted leave to amend under futile conditions was permitted." Lear Br. 21.

[6] Had Lear amended his complaint to allege that Zanic's role in the prosecution should be considered on count four, Zanic may have been shielded by prosecutorial immunity. See Yarris v. County of Delaware, 465 F.3d 129, 135 (3d Cir. 2006) (noting that prosecutorial immunity applies to actions associated with the judicial phase of the criminal process).