PS2-023                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2776
_____

SHAUKAT ALI,
                    Appellant

v.

JERSEY CITY PARKING AUTHORITY;
NIKO TAMTASURI; MARY F. PARETTI, CEO
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-13-cv-02678)
District Judge:  Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 8, 2014
Before:  AMBRO, VANASKIE and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 10, 2014)
_____

OPINION[*]
_____

PER CURIAM

    Shaukat Ali appeals pro se from the District Court's order declining to award him

a default judgment and dismissing his complaint.  We will affirm.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

I.

This suit arises from a $42.00 parking ticket that Ali received when an officer of the Jersey City Parking Authority ("JCPA") ticketed his car for illegal parking on April 1, 2011. The officer ticketed Ali's car under Jersey City Ordinance 26-69, but that ordinance recently had been repealed and a Municipal Court judge later dismissed the ticket on that basis. Two years later, Ali filed suit against the JCPA, its Chief Executive Officer, and the ticketing officer. He ultimately filed a third amended complaint and asserted fourteen causes of action, including claims under 42 U.S.C. §§ 1983 and 1985 for violation of the Fourteenth Amendment, state-law claims for malicious prosecution and other torts, and two claims under the repealed ordinance. Ali's alleged injuries consisted of having to send a letter to the Municipal Court to plead not guilty and then having to appear for the hearing that resulted in the dismissal of his ticket. He also alleges that he has suffered "severe emotional distress" since discovering the ticket on his car.

Ali obtained a default after defendants failed to respond to his third amended complaint, and he later moved for a default judgment. Defendants responded with a cross-motion to lift the default and to dismiss Ali's complaint under Fed. R. Civ. P. 12(b)(6). The District Court granted defendants' motions, denied Ali's motion, and dismissed his third amended complaint with prejudice. The District Court concluded that Ali's federal claims are barred by the statute of limitations, that most of his state-law claims also are untimely and that all of them lack merit, and that Ali could not assert a

2

cause of action under the repealed ordinance. The District Court further concluded that a default judgment against the defendants was not warranted after considering the relevant factors. Ali appeals.[1]

## II.

Ali raises no challenge to the majority of the District Court's rulings, and our review reveals no basis to disturb them largely for the reasons explained by the District Court. Ali's only substantial argument on appeal is that the District Court erred in concluding that his § 1983 claim is untimely. We agree, but we will affirm because Ali failed to state a § 1983 claim for the same reason the District Court dismissed his state-law claim of malicious prosecution on the merits.

Ali asserted in his § 1983 claim that defendants violated his Fourteenth Amendment due-process rights but did not specify how. The only potential claim we discern in this regard is one for malicious use of process in violation of the Fourteenth Amendment. See McArdle v. Tronetti, 961 F.2d 1083, 1088 (3d Cir. 1992). To the extent that such a claim remains viable, see Halsey v. Pfeiffer, 750 F.3d 273, 290 n.14 (3d Cir. 2014), its elements are that: (1) the defendant instituted an action against the

---

[1] The District Court had jurisdiction over Ali's federal claims under 28 U.S.C. § 1331 and his state-law claims under 28 U.S.C. § 1367. We have jurisdiction under 28 U.S.C. § 1291. Our review of the dismissal of a complaint under Rule 12(b)(6) is plenary, see Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 163 (3d Cir. 2010), and we determine whether the complaint states a "plausible claim for relief," id. at 177 (quotation marks omitted). We review the denial of a motion for default judgment for abuse of discretion. See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

3

plaintiff; (2) the defendant was motivated by malice; (3) there was an absence of probable cause; (4) the action terminated favorably to the plaintiff; and (5) the plaintiff suffered a "special grievance caused by the institution of the underlying civil claim." LoBiondo v. Schwartz, 970 A.2d 1007, 1022-23 (N.J. 2009); see also McArdle, 961 F.2d at 1088 (holding that "a claim of malicious use of process may state a Section 1983 claim if it includes the elements of that common law tort" and applying state law); Vickey v. Nessler, 553 A.2d 34, 38-39 (N.J. Super. Ct. App. Div. 1989) (holding that traffic offenses are treated as civil for purposes of malicious use of process).

This claim is governed by New Jersey's two-year statute of limitations for personal-injury claims. See Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010). The District Court, without specifying any particular basis for Ali's § 1983 claim, concluded that it accrued when Ali received the parking ticket on April 1, 2011. We agree that most of Ali's claims accrued on that date and are untimely for that reason. This claim, however, did not accrue until the proceeding terminated in Ali's favor when the Municipal Court dismissed the ticket on April 26, 2011. See Rose v. Bartle, 871 F.2d 331, 348-49 (3d Cir. 1989). Thus, this claim is timely because Ali filed his complaint exactly two years later.

Ali, however, has failed to state a plausible claim on the merits. As explained above, an element of this claim is that the plaintiff suffered a "special grievance caused by institution of the underlying civil claim." New Jersey courts equate a "special grievance" with "the interference with one's liberty or property," and "the mere cost of

4

defending against litigation [does not] suffice." <u>LoBiondo</u>, 970 A.2d at 1026 (quotation marks omitted); <u>see also</u> <u>Venuto v. Carella, Byrne, Bain, Gilfillan, Cecchi & Stewart, P.C.</u>, 11 F.3d 385, 389 (3d Cir. 1993) (addressing the "special grievance" element). Ali's allegation that he was forced to appear in Municipal Court to obtain the dismissal of a $42.00 traffic ticket does not rise to that level. <u>See</u> <u>Vickey</u>, 553 A.2d at 38-39; <u>cf.</u> <u>DiBella v. Borough of Beachwood</u>, 407 F.3d 599, 601, 603 (3d Cir. 2005) (holding that issuance of a summons and appearance at a Municipal Court trial did not constitute a deprivation of liberty for purposes of a malicious prosecution claim under the Fourth Amendment). The District Court properly dismissed Ali's state-law malicious prosecution claim on this basis, and the same applies to Ali's § 1983 claim of malicious use of process as well. Ali has not argued that he could cure this (or any other) deficiency in a fifth iteration of his complaint, and we are satisfied that he could not.[2]

For these reasons, we will affirm the judgment of the District Court.

---

[2] Ali raises only two other arguments in his brief, and they require little discussion. First, although defendants argue that Ali has waived the issue, we liberally construe his pro se brief to challenge the District Court's denial of his motion for a default judgment. The District Court properly considered the relevant factors, however, and it did not abuse its discretion in doing so. <u>See</u> <u>Chamberlain</u>, 210 F.3d at 164. Second, Ali argues that the District Court erred in dismissing his purported causes of action under repealed Jersey City Ordinance 26-69 because the District Court erroneously cited it in its analysis as Ordinance 26-29. That citation clearly was a mere typographical error and does not undermine the District Court's ruling because the District Court dismissed these claims on the ground that Ali could not assert claims under an ordinance that has been repealed. Ali has not challenged the substance of that ruling and we see no basis to disturb it.