**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3981
_____

WEIH STEVE CHANG, individually and as guardian for A.B., C.D., and E.F.; A.B. a
minor child; C.D., a minor child; E.F., a minor child,
Appellants

v.

STATE OF DELAWARE DEPARTMENT OF SERVICES FOR CHILDREN, YOUTH,
AND THEIR FAMILIES, DIVISION OF FAMILY SERVICES, SARAH MARLOWE,
individually and in her official capacity; BAHU GILLIAM, individually and in her
official capacity; CHILDREN'S ADVOCACY CENTER OF DELAWARE, CITY OF
WILMINGTON, a municipal corporation of the State of Delaware; CITY OF
WILMINGTON POLICE DEPARTMENT; MARY QUINN, individually and in her
official capacity
_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. Civil Action No. 1-15-cv-00963)
District Judge:  Honorable Leonard P. Stark
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 11, 2018

Before:  GREENAWAY, JR., RESTREPO and FUENTES, Circuit Judges

(Opinion filed: October 4, 2019)

_____

OPINION[*]
_____

PER CURIAM

Weih Steve Chang, proceeding pro se, appeals an order of the United States District Court for the District of Delaware granting the defendants' motions to dismiss his amended complaint. For the reasons that follow, we will affirm the judgment of the District Court.

Chang and his three minor children, through counsel, filed suit against the State of Delaware, Department of Services for Children, Youth, and Their Families, Division of Family Services ("DFS") and two employees thereof, the City of Wilmington, the City of Wilmington Police Department, Officer Mary Quinn, and the Children's Advocacy Center of Delaware. The amended complaint, which is related to a custody case in Delaware Family Court, alleges that Chang reported incidents of abuse and neglect by the children's mother to DFS and the Wilmington Police Department. Officer Quinn interviewed Chang and the children's mother, observed a Children's Advocacy Center employee interview the children, and prepared reports.

Chang and his children aver that DFS determined that Chang had told the children to make false allegations against their mother and filed a petition against him in Family Court alleging emotional abuse or neglect. The Family Court found that the evidence did

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

2

not support the petition and dismissed the matter. An order attached to the original complaint reflects that the Family Court noted that the incidents, which had occurred years earlier, were true, but that Chang's motive for reporting them just before a custody transfer was suspect.

Chang and his children claimed violations of their civil rights under 42 U.S.C. § 1983 and state law based on these proceedings and the alleged continued denial of custody to Chang. The District Court granted the defendants' motions to dismiss the amended complaint and this appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. Palakovic v. Wetzel, 854 F.3d 209, 219 (3d Cir. 2017). Chang raises three issues for our review.

Chang first contends that the District Court erred in dismissing a breach of contract claim. The amended complaint alleges that the Children's Advocacy Center, the Wilmington Police Department, the Delaware Department of Justice, and the State of Delaware were parties to a Memorandum of Understanding that addressed the investigation of child abuse allegations and services for victims. The amended complaint avers that the defendants breached this contract by failing to perform their obligations thereunder and thereby injured the children, who are allegedly third-party beneficiaries of the contract. In dismissing this claim, the District Court ruled that the Memorandum of

---

constitute binding precedent.

3

Understanding is a set of guidelines, not a contract, and that it reflects no intent to compensate the public for any failure to perform.

Appellees argue that Chang lacks standing to challenge the dismissal of this claim because it was asserted by his children, who are not parties to the present appeal. We agree. The amended complaint alleges that the children are the third-party beneficiaries of the Memorandum of Understanding and that they were injured by its breach. Chang was notified that he may not pursue claims on behalf of his children in this appeal. See Osei-Afriyie v. Medical College of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991). His arguments that the District Court erred is dismissing this claim are not properly before us.

Chang also contends that the District Court erred in relying on an out-of-court custody agreement in dismissing his civil rights claims. Although his argument is not entirely clear, Chang appears to take issue with the District Court's reliance on a Family Court order reflecting that he agreed to transfer full custody to the children's mother in support of its dismissal of his substantive due process claim against Officer Quinn. The District Court ruled that Officer Quinn was entitled to qualified immunity in part because the amended complaint did not suggest that her involvement caused a denial of a constitutional right where Chang had consented to the mother's custody of the children before the investigation.

Chang argues that he did not relinquish his constitutional rights by agreeing to transfer custody to the children's mother. He states that he had custody initially and that custody orders can be modified at any time. Chang's agreement to transfer custody

4

before the investigation may not preclude his constitutional claim insofar as he alleges the continued denial of custody, but Officer Quinn is entitled to qualified immunity because Chang does not sufficiently allege a violation of his substantive due process rights. See Bland v. City of Newark, 900 F.3d 77, 83 (3d Cir. 2018) (setting forth inquiry for resolving questions of qualified immunity).

The amended complaint alleges that Officer Quinn interfered with Chang's parental rights by improperly allowing the children's mother's friend to assist her in her interview, failing to investigate the claims further, and initiating or causing the initiation of proceedings against him knowing that the children's mother had admitted to acts of abuse in her interview. The amended complaint also avers that Officer Quinn issued a report that concluded without reasonable basis that Chang had told the children to lie. As recognized by the District Court, the right to familial integrity does not include the right to remain free from child abuse investigations. Croft v. Westmoreland Cty. Children and Youth Servs., 103 F.3d 1123, 1125 (3d Cir. 1997). Chang's allegations are insufficient to state a plausible claim that Officer Quinn violated his substantive due process rights. See Miller v. City of Philadelphia, 174 F.3d 368, 375 (3d Cir. 1999) (explaining conduct must be so ill-conceived or malicious that it "shocks the conscience").[1]

---

[1]To the extent Chang disputes the dismissal of his malicious prosecution claim based on his custody agreement, as discussed below that claim was properly dismissed for other reasons. To the extent Chang disputes the dismissal of his malicious prosecution claim against DFS employee Sarah Marlowe, he does not challenge the primary ruling below that she is entitled to absolute immunity and it is thus unnecessary to address the District Court's other reasons for dismissing his claim.

Finally, Chang contends that the District Court erred in considering documents outside the pleadings in granting the motions to dismiss. We read his brief as asserting that the District Court erred in relying on such documents in finding probable cause and dismissing his malicious prosecution claim against Officer Quinn. In adjudicating this claim, the District Court referred to the City of Wilmington's brief, which relied upon Officer Quinn's police report and the transcripts of the family's interviews that were submitted in support of the motion to dismiss. The District Court ruled that it could consider these documents without converting the motion to a summary judgment motion.

We need not resolve this issue because, even if we were to agree with Chang that the District Court erred in considering these documents without converting the motion, dismissal of his malicious prosecution claim was warranted on other grounds. In support of his claim, Chang averred that he "suffered a deprivation of his due process right to liberty, the right to the integrity of his family and the fellowship of his children." Am. Compl. at 21. To the extent he relies on a violation of his right to substantive due process, as the City defendants asserted below, such a violation cannot provide the basis for a malicious prosecution claim. Merkle v. Upper Dublin School District, 211 F.3d 782, 792 (3d Cir. 2000). Chang also argued below that he stated a claim because he was seized within the meaning of the Fourth Amendment when he was required to defend the child abuse charges. However, to the extent his malicious prosecution claim can be based upon the civil proceeding brought against him, there was no seizure absent pretrial

6

custody or onerous pretrial restrictions, which have not been alleged here. <u>DiBella v. Borough of Beachwood</u>, 407 F.3d 599, 603 (3d Cir. 2005).

Accordingly, we will affirm the judgment of the District Court.[2]

---

[2]Chang's motion for leave to add the proposed theory of white privileges on appeal is denied as the theory was not presented in District Court prior to the judgment. The City of Wilmington and other City Appellees' motion to seal their appendix is granted. Chang's motion to use his children's full names is denied. Chang's motion to stay his appeal is also denied.