**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1182
_____

JOSEPH CLIFFORD MALCOMB,

Appellant

v.

CRAIG MCKEAN, Pennsylvania State Police;
JOSHUA THOMAS, Pennsylvania State Police

On Appeal from the United States District Court
for the Western District of Pennsylvania
(No. 2:11-cv-01087)
District Judge:  Hon. Arthur J. Schwab
Submitted Pursuant to Third Circuit LAR 34.1(a)
June 27, 2013

Before:  FUENTES, FISHER and CHAGARES, <u>Circuit Judges</u>.

(Filed: August 15, 2013)
_____

OPINION
_____

CHAGARES, <u>Circuit Judge</u>.

Joseph Clifford Malcomb appeals the dismissal with prejudice of his malicious

prosecution complaint against two Pennsylvania State Police officers.  Malcomb is

currently confined in state prison in Pennsylvania.  For the reasons that follow, we will

vacate the order of the District Court that dismissed Malcomb's complaint.

I.

We write primarily for the parties and set forth only those facts essential to our disposition. On December 5, 2007, while Malcomb was on parole for an earlier conviction, Pennsylvania parole agents searched Malcomb's residence, which he shared with two others. The officers recovered items that they believed to be stolen. The officers also found an empty beer can and a pocket knife in Malcomb's bedroom. On December 6, 2007, Malcomb reported to the state parole field office and was taken into custody after he admitted to possession of the beer can and pocket knife — technical violations of his parole. State police returned to the home with a warrant on December 21, 2007, and searched the residence, a vehicle at the residence, and a trash can on adjacent property. The officers seized a number of items, including a television that they believed to be stolen.

Malcomb was subsequently charged with five counts of receiving stolen property in the Court of Common Pleas of Beaver County, Pennsylvania. Malcomb filed a motion to suppress the evidence seized from his home. In April 2009, the Court of Common Pleas granted the motion to suppress, holding that the search of the property was beyond the scope of the warrant and that the warrant was facially invalid. After suppression of the evidence, the District Attorney of Beaver County, on his own motion, moved to dismiss the charges and "request[ed] that a Nolle Prosequi be granted as to the entire Information[] and criminal complaints for the reason: In the interest of Justice." Appendix ("App.") 76. The court granted the motion in September 2009 and ordered the

2

Commonwealth to pay costs. Malcomb's complaint alleges that, as a direct result of the stolen property charges, he was denied reparole.

On August 24, 2009, Malcomb filed a pro se malicious prosecution complaint under 42 U.S.C. §§ 1983 and 1985 against two Pennsylvania State Police Officers. The case was referred to a U.S. Magistrate Judge, who filed a Report and Recommendation recommending dismissal of Malcomb's claims with prejudice pursuant to 28 U.S.C. § 1915A because the complaint failed to plead adequately the element of a malicious prosecution claim that requires the disputed criminal proceeding to have been disposed of in the plaintiff's favor. The District Court adopted the Report and Recommendation and dismissed the complaint with prejudice. On appeal, Malcomb, now represented by counsel, argues that he pled sufficient facts to establish the favorable termination element of his malicious prosecution claim.

## II.[1]

The Prison Litigation Reform Act directs district courts to review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and to dismiss the complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. We exercise plenary review over a District Court's dismissal pursuant to 28 U.S.C. § 1915A for failure to state a claim and apply the same standards as we would

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). We exercise jurisdiction pursuant to 28 U.S.C. § 1291.

3

when reviewing a dismissal pursuant to Rule 12(b)(6). De'lonta v. Johnson, 708 F.3d 520, 524 (4th Cir. 2013); see also Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000) (exercising plenary review over dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)). We will therefore "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom," Allah, 229 F.3d at 223 (quotation marks omitted), and construe the facts in the light most favorable to the plaintiff, De'lonta, 708 F.3d at 522. We apply a "more lenient standard" when reviewing pro se pleadings. Montgomery v. Pinchak, 294 F.3d 492, 500 (3d Cir. 2002).

> To plead a claim for malicious prosecution, a plaintiff must show that

> > (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009) (emphasis added) (quotation marks omitted). Malcomb's appeal centers on the second element, often referred to as the favorable termination requirement. That requirement exists "to avoid 'the possibility of the claimant [sic] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction.'" Id. at 187 (alteration in original) (quoting Heck v. Humphrey, 512 U.S. 477, 484 (1994)). To avoid such a conflicting outcome, the prior disposition of the criminal case must show

4

"the innocence of the accused." Id. Here, the District Court held that the nolle prosequi[2] disposition in Malcomb's case did not indicate his innocence.

A nolle prosequi disposition will not always signify a favorable termination but may in certain circumstances. Hilfirty v. Shipman, 91 F.3d 573, 579-80 (3d Cir. 1996) disapproved of on other grounds by Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 794 (3d Cir. 2000); see also Kossler, 564 F.3d at 187 (explaining that the "formal abandonment of the proceedings by the public prosecutor" may satisfy the favorable termination prong (quotation marks omitted)). Malcomb argues[3] that the nolle prosequi issued by the Court of Common Pleas qualified as a favorable termination and that the District Court ignored this Court's decision in Hilfirty when it dismissed Malcomb's complaint.

In Hilfirty, we considered an appeal from a plaintiff whose common law husband had agreed to enter a pretrial diversion program in exchange for dismissal of the charges against him and for a nolle prosequi disposition. 91 F.3d at 575. A district court later dismissed the plaintiff's malicious prosecution action, holding that she failed to satisfy the favorable termination prong. Id. at 577. We reversed, holding that "a grant of nolle prosequi is insufficient to support a claim of malicious prosecution only in circumstances where the accused herself enters into a compromise with the prosecution in which she surrenders something of value to obtain the dismissal," or in cases in which "the accused formally accepts the grant of nolle prosequi in exchange for her knowing, voluntary

---

[2] Nolle prosequi means "[t]o abandon (a suit or prosecution); to have (a case) dismissed by a nolle prosequi." Black's Law Dictionary (9th ed. 2009).

[3] The appellees have made no submissions to this Court.

5

release of any future claims for malicious prosecution." Id. at 575 (emphasis added). We further held that a dismissal because of insufficient evidence will indicate the innocence of the accused and satisfy the favorable termination element of a malicious prosecution claim. Id. at 580. Our precedent is clear. A nolle prosequi disposition is a favorable termination unless the accused has entered into a compromise or surrendered something of value to obtain that outcome. There is no evidence that Malcomb obtained the nolle prosequi disposition through either of those avenues.

In the Report and Recommendation adopted by the District Court in this case, the Magistrate Judge concluded that Malcomb had not satisfied the actual innocence prong because one of the agents clearly "observed stolen property in Plaintiff's residence when he was conducting a lawful search for two parolees." App. 20. However, nothing in the state court opinion suggests that the items improperly seized from Malcomb's shared residence were stolen. Moreover, at this stage, we must construe the facts in the light most favorable to the plaintiff. We thus conclude that Malcomb's complaint should not have been dismissed based on his failure to satisfy the favorable termination prong.

III.

We will therefore vacate the order of the District Court that dismissed Malcomb's complaint and will remand for proceedings in accordance with this opinion.