**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 14-4061

———————

JOSEPH CLIFFORD MALCOMB,
Appellant

v.

CRAIG MCKEAN, Pennsylvania State Police;
JOSHUA THOMAS, Pennsylvania State Police

———————————————————————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 11-cv-01087)
District Judge:  Honorable Arthur J. Schwab

———————————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 24, 2015

Before: CHAGARES, JORDAN and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  April 24, 2015)

———————

OPINION[*]

———————

PER CURIAM

Joseph Malcomb, proceeding pro se and in forma pauperis, appeals a District

Court order granting the defendants' motion for summary judgment.  We will affirm.

As we write primarily for the parties, we need not recite at length the details of

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

this case. On December 21, 2007, the defendants, who are two Pennsylvania State Police officers, executed a search of Malcomb's residence pursuant to a warrant, which led to the discovery of certain pieces of property that were believed to be stolen. Malcomb, who had recently had his parole revoked, was thereafter charged with offenses related to receiving stolen property. In May 2009, however, the state trial court granted a motion to suppress the allegedly stolen goods, ruling that the officers had searched beyond the scope of the authorizing warrant, that the warrant was impermissibly general, and that the affidavit supporting the warrant failed to identify the source of its information. The stolen property charges against Malcomb were dismissed pursuant to a grant of nolle prosequi in September 2009.

On August 14, 2011, Malcomb filed a complaint in the United States District Court for the Western District of Pennsylvania, alleging constitutional and state-tort theories of false arrest, malicious prosecution, intentional infliction of emotional distress, and illegal search and seizure. The Magistrate Judge recommended that the complaint be dismissed with prejudice under 28 U.S.C. § 1915A because the majority of the claims were filed outside of the two-year statute of limitations period, and also because the one timely claim – for malicious prosecution – was defective. In particular, the Magistrate Judge found that Malcomb could not establish that the criminal proceeding had been disposed of in his favor. The District Court adopted the Report and Recommendation. Malcomb appealed and, with the assistance of appointed counsel, argued only that the District Court erred in dismissing Malcomb's malicious prosecution claim for failure to

establish favorable termination.[1] We held that the nolle prosequi disposition of the charges against Malcomb was a favorable termination, and remanded the matter to the District Court. See Malcomb v. McKean, 535 F. App'x 184, 187 (3d Cir. 2013) (not precedential).

The defendants filed a motion for summary judgment, which the Magistrate Judge recommended granting. The Magistrate Judge concluded that the malicious prosecution claim failed because there was probable cause to charge Malcomb with receiving stolen property, because the defendants did not act maliciously, because Malcomb did not suffer a deprivation of liberty, and because one of the defendants, Trooper Thomas, did not initiate the criminal proceedings against Malcomb.[2] Over Malcomb's objections, the District Court adopted the Report and Recommendation and dismissed the complaint with prejudice. Malcomb appealed.

We have jurisdiction under 28 U.S.C. § 1291. Our review of an order granting summary judgment is plenary. See Tri-M Grp., LLC v. Sharp, 638 F.3d 406, 415 (3d Cir. 2011). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Kaucher v. Cnty. of Bucks, 455 F.3d 418, 422-

---

[1] Malcomb waived appeal of the remaining claims because he did not raise them in his brief. See Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994).

[2] In the alternative, the Magistrate Judge stated that the defendants were entitled to qualified immunity, and that one of the defendants, Trooper Thomas, did not initiate the criminal proceeding.

3

23 (3d Cir. 2006). We may affirm the District Court's grant of summary judgment on any basis supported by the record. See Fairview Township v. EPA, 773 F.2d 517, 525 n.15 (3d Cir. 1985).

In order to state a malicious prosecution claim, Malcomb must show that 1) the defendants initiated a criminal proceeding, 2) the proceeding ended in his favor, 3) the proceeding was initiated without probable cause, 4) the defendants acted maliciously or for a purpose other than bringing him to justice, and 5) he suffered a deprivation of liberty. Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009) (en banc). In their motion for summary judgment, the defendants argued, inter alia, that Malcomb did not suffer a deprivation of liberty. We agree. The undisputed facts demonstrate that Malcomb was already in custody as a technical parole violator when he was charged with receiving stolen property. According to the defendants, he was "never was arrested as a result of the search of his property, [the] seizure of the items located in his house, or the charges brought against him." Malcomb possibly was required to attend the suppression hearing, but his forced attendance does not constitute a deprivation of liberty for purposes of a malicious prosecution claim. See DiBella v. Borough of Beachwood, 407 F.3d 599, 603 (3d Cir. 2005) (stating that "[t]he type of constitutional injury the Fourth Amendment is intended to redress is the deprivation of liberty accompanying prosecution, not prosecution itself"). Malcomb remained incarcerated for the technical parole violation until 2013. During this period, he was denied re-parole several times. Although he claims that his "parole eligibility was placed in limbo" because of the stolen property charges, the Parole Board's decisions demonstrate that the denial of re-parole was based

4

on factors completely unrelated to the pending charges. Therefore, there was no seizure as a result of the stolen property charges, Malcomb's Fourth Amendment rights were not violated, and the District Court did not err in granting the defendants' motion for summary judgment on Malcomb's malicious prosecution claim.

For the foregoing reasons, we will affirm the judgment of the District Court.